UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

*In Re: Wells Fargo Wage and Hour Employment Practice Litigation (III)*
Civil Action No. 4:11-md-02266

*Richardson, et al. v. Wells Fargo Bank, N.A.,*
Civil Action No. 4:10-cv-04949 (filed in)

*Chaplin, et al. v. Wachovia Mortgage Corporation, et al.,*
Civil Action No. 4:11-cv-00638 (filed in)

*Gonzalez, et al. v. Wells Fargo Home Mortgage, Inc., et al.*,
Civil Action No. 4:11-cv-03208

*Chan, et al. v. Wells Fargo Home Mortgage, Inc*.,
Civil Action No. 4:11-cv-03275

———————————————————————————————

**RESPONSE TO THE NEW JERSEY (*GONZALEZ*) AND WASHINGTON STATE (*CHAN*)
PLAINTIFFS' MOTIONS FOR CONSOLIDATION
AND APPOINTMENT OF LEAD COUNSEL
AND
CROSS-MOTION FOR APPOINTMENT OF THE TEXAS (*RICHARDSON* AND *CHAPLIN*)
PLAINTIFFS' COUNSEL AS LEAD COUNSEL**

———————————————————————————————

## BEFORE THE HONORABLE GRAY H. MILLER

Counsel for *Richardson* & *Chaplin* plaintiffs:

Rhonda H. Wills
WILLS LAW FIRM
1776 Yorktown, Suite 600
Houston, Texas  77056
Telephone:  713.528.44555
Facsimile: 713.528.2047

R. Paul Yetter
Reagan W. Simpson
YETTER & COLEMAN, L.L.P.
909 Fannin, Suite 3600
Houston, Texas 77010
Telephone: 713.632.8000
Facsimile: 713.632.8002

Diana E. Marshall
MARSHALL & LEWIS, L.L.P.
1010 Lamar Street, Suite 450
Houston, Texas 77002
Telephone: 713.655.0300
Facsimile: 7l3.655.0130

John M. Padilla
PADILLA, RODRIGUEZ & DE LA GARZA
1776 Yorktown, Suite 110
Houston, Texas  77056
Telephone: 713.574.4600
Facsimile: 713.574.4601

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................. III

I.  SUMMARY ............................................................................................. 2

II.  BACKGROUND ...................................................................................... 4

    A.  Overview of the Four Cases at Issue .................................................... 4

        1.  Texas-*Chaplin* is a nationwide FLSA collective action and the only Wachovia Matter ............................................................ 5

        2.  *Richardson* is the first-filed matter and the only nationwide collective action against Wells Fargo .......................................... 6

        3.  New Jersey-*Gonzalez* is a New Jersey-only collective action and Rule 23 class action against Wells Fargo ................................. 6

        4.  *Chan* is a Rule 23 class action asserting Washington state law claims only ................................................................................. 7

    B.  On Defendants' Motion the MDL Panel Consolidated All Four Cases for Discovery and Pre-Trial Purposes Only ........................................ 7

        1.  At the MDL Hearing, Counsel for *Gonzalez* and *Chan* assured the Panel that they would not seek a nationwide collective action and were only bringing state-wide claims, and that they had no interest in the Texas litigation .......................................................... 8

        2.  The MDL Panel Granted Defendants' Motion to Consolidate for Discovery and Pretrial Purposes Only ............................................ 10

III.  ARGUMENT & AUTHORITIES ............................................................. 12

    A.  The Motion to Further Consolidate Should be Denied Because This Court Lacks Authority to Consolidate these Cases For All Purposes Under Rule 42, as It Must Remand Each Case to the Original District or Judge After Completion of "Pretrial Proceedings." ................................................ 12

    B.  The Motion to Appoint Counsel for the New Jersey-*Gonzalez* Plaintiffs as Lead Counsel Should be Denied, and Alternatively Counsel for the Texas *Richardson* and *Chaplin* Plaintiffs Should be Appointed Lead Counsel to the Extent that Lead Counsel is Necessary for Pretrial Purposes. ............................ 15

1.     Appointing New Jersey-*Gonzalez* Counsel as "Lead Counsel" Would Not Be in the Best Interests of the Putative Nationwide Collective Class. ...................................................................... 16

2.     The Texas *Richardson* and *Chaplin* Counsel should be appointed as Lead Counsel for Pretrial Matters to the Extent Necessary. ..................... 19

IV.    CONCLUSION ........................................................................................ 24

CERTIFICATE OF SERVICE ................................................................... 27

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*In re Ampicillin Antitrust Litig.*,
88 F.R.D. 174 (D.D.C. 1980) ................................................................................14

*In re Cessna 208 Series Aircraft Prods. Liab. Litig.*,
2009 WL 424744 (D. Kan. 2009) .........................................................................13

*In re New Motor Vehicles Canadian Export Antitrust Litig.*,
235 F.R.D. 127 (D. Me. 2006) ..............................................................................13

*In re Paris Air Crash of Mar. 3, 1974*,
69 F.R.D. 210 (C.D. Cal. 1974) ...........................................................................14

*In re Penn Central Commercial Paper Litig.*,
62 F.R.D. 341 (S.D.N.Y. 1974) ...........................................................................14

*In re Urethane Antitrust Litig.*,
2006 WL 2709847 (D. Kan. 2006) .......................................................................13

*In re Welding Fume Prods. Liab. Litig.*,
2006 WL 2869548 (N.D. Ohio 2006) ...................................................................14

*LaChapelle v. Owens-Illinois, Inc.*,
513 F.2d 286 (5th Cir. 1975) ..................................................................................7

*Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
523 U.S. 26 (1998) ..........................................................................................13, 14

*Maynor v. Dow Chemical Co.*,
No. G-7-0504, 2008 WL 2220394 (S.D. Tex. 2008) ...........................................17

*Prater v. Commerce Equities Mgmt. Co.*,
2007 WL 5140045 (S.D. Tex. 2007) ....................................................................17

*Simmons v. T-Mobile USA, Inc.*,
2007 WL 210008 (S.D. Tex. 2007) ......................................................................17

*Tex. Catastrophe Prop. Ins. Ass'n v. Morales*,
975 F.2d 1178 (5th Cir. 1992) ..............................................................................21

**FEDERAL STATUTES**

28 U.S.C. § 1407(a) ......................................................................................7, 8, 13

29 U.S.C. § 201 ..................................................................................................5

29 U.S.C. § 216(b) ...........................................................................................4, 7

29 U.S.C. § 255(a) ..............................................................................................16

29 U.S.C. § 256(b) ..............................................................................................16

**RULES**

Federal Rule of Civil Procedure 23 ...........................................................4, 6, 7, 16

Federal Rule of Civil Procedure 26 ...................................................................6, 7

Federal Rule of Civil Procedure 26(f) ..................................................................6

Federal Rule of Civil Procedure 42 .......................................................3, 12, 13, 14

MDL Panel Rule 10.1(b).................................................................................10, 13

**OTHER AUTHORITIES**

15 CHARLES ALAN WRIGHT ET AL., FED. PRAC. & PROC. § 3866 (3d ed.) ....................14

*Manual for Complex Litigation* § 20.132 ............................................................14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

*In Re: Wells Fargo Wage and Hour Employment Practice Litigation (III)*
Civil Action No. 4:11-md-02266

———————————————————

| | |
|---|---|
| *Raymond Richardson, et al.*, §<br>Plaintiffs, §<br>v. §<br> §<br>*Wells Fargo Bank, N.A.*, §<br>Defendant. § | Civil Action No. 4:10-cv-04949<br>(filed in) |

§
§
*James Chaplin, et al.*, §
Plaintiffs, §          Civil Action No. 4:11-cv-00638
v. §                      (filed in)
§
*Wachovia Mortgage Corporation, et al.*, §
Defendant. §
§
§
*Manuel Gonzalez, et al.*, §
Plaintiffs, §          Civil Action No. 4:11-cv-03208
v. §
§
*Wells Fargo Home Mortgage, Inc., et al.*, §
Defendants. §
§
§
*Brett K. Chan and Dien Luu*, §
Plaintiffs, §          Civil Action No. 4:11-cv-03275
§
v. §
§
*Wells Fargo Home Mortgage, Inc.*, §
Defendant. §

**RESPONSE TO THE NEW JERSEY (*GONZALEZ*) AND WASHINGTON STATE (*CHAN*) PLAINTIFFS' MOTIONS FOR CONSOLIDATION AND APPOINTMENT OF LEAD COUNSEL**
**AND**
**CROSS-MOTION FOR APPOINTMENT OF THE TEXAS (*RICHARDSON* AND *CHAPLIN*) PLAINTIFFS' COUNSEL AS LEAD COUNSEL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Raymond Richardson, Judith Gott, and Angela Kolmansberger, on behalf of themselves and all others similarly situated, including opt-in plaintiffs (collectively, "*Richardson* plaintiffs"), and James Chaplin, Lucy Gonzales, Donna Lynn Pontello, Denise Tomasini, Bill Earley, on behalf of themselves and all others similarly situated, including opt-in plaintiffs (collectively, "*Chaplin* plaintiffs") file this Response to the New Jersey (*Gonzalez*) and Washington State (*Chan*) Plaintiffs' Motions for Consolidation and Appointment of Lead Counsel and Cross-Motion for Appointment of the Texas (*Richardson* and *Chaplin*) Plaintiffs' Counsel as Lead Counsel, and would show as follows:

## I.    SUMMARY

Counsel for the New Jersey-*Gonzalez* plaintiffs' New Jersey-wide FLSA collective action are trying to hijack the Texas *Richardson* and *Chaplin* plaintiffs' nationwide FLSA collective actions, after the New Jersey-*Gonzalez* plaintiffs tried to avoid at all costs consolidation with *Richardson* and *Chaplin* for pretrial proceedings in the Southern District of Texas.  After unequivocally telling the MDL Panel that they were only interested in litigating a New Jersey-wide action in the District of New Jersey, counsel for the New Jersey-*Gonzalez* plaintiffs now move to become lead counsel and control the Texas *Richardson* and *Chaplin* plaintiffs' first-filed nationwide FLSA collective actions that were filed in the Southern District of Texas. Furthermore, the Texas-*Chaplin* case is the only matter raising FLSA claims against Wachovia relating to Wachovia's policies and procedures.

Counsel for the New Jersey-*Gonzalez* and Washington-*Chan* plaintiffs also want to consolidate all four cases—for all purposes—not just pretrial proceedings as ordered by the MDL Panel.   This contradictory shift suggests that counsel for the New Jersey-*Gonzalez* plaintiffs will inconsistently represent to courts what they perceive is most advantageous for them at any given time.   By opposing consolidation for pretrial proceedings and now seeking to consolidate the cases for all purposes and become lead counsel, the New Jersey-*Gonzalez* and Washington State-*Chan* plaintiffs' counsel have basically admitted that the Texas *Richardson* and *Chaplin* lawsuits are better vehicles for adjudicating these FLSA collective actions.

After all, the Texas-filed cases, *Richardson* and *Chaplin*: (1) include plaintiffs from across the country (and not just New Jersey or Washington, like the *Gonzalez* and *Chan* lawsuits respectively); (2) bring claims against both Wells Fargo and Wachovia as defendants (the New Jersey-*Gonzalez* and Washington State-*Chan* suits do not name Wachovia and do not include any Wachovia employees); (3) were both filed before the *Gonzalez* and *Chan* suits; and (4) have tolling agreements that toll the statute of limitations for all who opt in to the *Richardson* and *Chaplin* cases, respectively.

But in addition to playing fast and loose based on the exigencies of the moment, the motion to consolidate for all purposes filed by the New Jersey-*Gonzalez* and Washington-*Chan* plaintiffs fails at the threshold.   The MDL statute and U.S. Supreme Court precedent preclude this Court from invoking Rule 42 and consolidating these cases for all purposes.   The motion to appoint counsel for the New Jersey-*Gonzalez* plaintiffs as lead counsel fares no better, as it is a bare maneuver to override the *Richardson* and *Chaplin* plaintiffs' choice of counsel—counsel with significant experience with FLSA cases, MDL matters and multi-party litigation. Moreover, the *Gonzalez* and *Chan* plaintiffs ignore the fundamental differences between an

-3-

FLSA collective action under 29 U.S.C. §216(b) and a Federal Rule of Civil Procedure 23 class action.

If anyone should be selected as lead counsel for these pretrial proceedings, it is Texas counsel for the *Richardson* and *Chaplin* plaintiffs.  The *Richardson* and *Chaplin* plaintiffs are represented by a team of experienced attorneys from four different law firms who all practice in the Southern District of Texas, including Rhonda H. Wills (WILLS LAW FIRM); Reagan W. Simpson and R. Paul Yetter (YETTER COLEMAN LLP); Diana E. Marshall and Ronald C. Lewis (MARSHALL & LEWIS, LLP); and John M. Padilla (PADILLA, RODRIGUEZ & DE LA GARZA, LLP).

Only these counsel can adequately represent the interests of all collective action members because only the *Richardson* and *Chaplin* lawsuits are nationwide FLSA collective actions.  The *Richardson* and *Chaplin* counsel have a wealth of background in complex multiparty cases and FLSA collective actions, including significant litigation experience litigating FLSA matters against both Wells Fargo and Wachovia and in the Southern District of Texas where these pretrial proceedings will occur.  *Richardson* and *Chaplin* counsel include lawyers who try lawsuits to verdict and have done so in the Southern District of Texas and across the country.  Further, only the *Richardson* and *Chaplin* counsel have obtained tolling agreements that will greatly benefit all class members who opt in to those matters as opposed to any other case.

## II.      BACKGROUND

### A.      OVERVIEW OF THE FOUR CASES AT ISSUE.

There are four matters at issue: *Richardson* and *Chaplin* (both filed in Texas), *Gonzalez* (New Jersey), and *Chan* (Washington state). The cases at issue involve claims of misclassification and unpaid overtime and/or minimum wages with respect to mortgage loan

officers[1] that worked at Wells Fargo (in *Richardson*, *Gonzalez*, and *Chan*) and Wachovia (in *Chaplin*).   Of the three Wells Fargo cases, *Richardson* is the first-filed and the only case in which any discovery has been conducted.   Further, *Richardson* is a nationwide collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), while *Gonzalez* and *Chan* are both filed as state-wide matters only and include state law violations.

       1.     **TEXAS-*Chaplin* is a nationwide FLSA collective action and the only <u>Wachovia</u> Matter.**

Texas-*Chaplin* is an FLSA collective action in which **<u>27 persons</u>** have joined from multiple states across the country.   The Texas-*Chaplin* plaintiffs filed suit on February 3, 2011 on behalf of themselves and all others <u>nationwide</u> who worked in <u>Wachovia</u>[2] branches and mortgage offices as mortgage loan officers in the last three years.   *Chaplin* was assigned to this Honorable Court in the Southern District of Texas.   The *Chaplin* plaintiffs assert only federal law violations under the FLSA that they were misclassified as exempt employees and denied overtime and/or minimum wages.   The Texas-*Chaplin* plaintiffs are represented by the same counsel as the *Richardson* plaintiffs.    After filing suit, counsel for the *Chaplin* plaintiffs negotiated a tolling agreement which tolls the statute of limitations for all Wachovia mortgage loan officers who opt in to the *Chaplin* cause of action,[3] which is a substantial benefit to prospective opt-in plaintiffs who have not yet filed a notice of consent and would otherwise continue to have the limitations period running with respect to their claims.

---

[1]    The Defendants used various terms for persons who worked as mortgage loan officers, including but not limited to mortgage loan officers, loan officers, loan consultants, home mortgage consultants, HMCs, and loan originators, among others.   For purposes of this Brief, they are referred to as "mortgage loan officers."

[2]    Wachovia Corporation and its related entities merged with and/or were acquired by Wells Fargo and Company.   Upon information and belief, the merger was completed in or around December 2010.

[3]    *Chaplin, et al. v. Wachovia Mortgage Corp., et al.*, C.A No. 4:11-cv-638, In the Southern District of Texas, Stipulation of Tolling Agreement, Doc. No. 33 ("*Chaplin* Tolling Agreement"), Ex. 3.

2.   ***RICHARDSON*** IS THE FIRST-FILED MATTER AND THE ONLY <u>NATIONWIDE</u> COLLECTIVE ACTION AGAINST WELLS FARGO.

The *Richardson* plaintiffs brought a collective action against Wells Fargo Bank, N.A. on December 10, 2010 in the Southern District of Texas, which was assigned to The Honorable Lee H. Rosenthal.  To date, ***41 persons*** from various states have joined the collective action.  These persons worked for Wells Fargo as mortgage loan officers and were denied overtime compensation and minimum wages in violation of the FLSA.  As with *Chaplin*, their counsel negotiated a tolling agreement which tolls the statute of limitations for all Wells Fargo mortgage loan officers who opt in to the *Richardson* matter.[4]

A Joint Discovery/Case Management Plan pursuant to Rule 26(f) was filed in *Richardson* on February 18, 2011, and a Rule 26 scheduling conference was held on February 25, 2011.  Pursuant to pre-conditional certification discovery requests and subsequent discovery conferences, the *Richardson* plaintiffs received over 1,700 Bates-numbered documents from Wells Fargo on or about March 11, April 6, April 19, and April 30 of 2011.  The *Richardson* plaintiffs also served Wells Fargo with interrogatories and received verified responses to those interrogatories on pre-conditional certification issues.  The *Richardson* plaintiffs also received Rule 26 disclosures from Wells Fargo.

3.   NEW JERSEY-***GONZALEZ*** IS A <u>NEW JERSEY-ONLY</u> COLLECTIVE ACTION AND RULE 23 CLASS ACTION AGAINST WELLS FARGO.

The New Jersey-*Gonzalez* matter includes 10 New Jersey plaintiffs who brought a New Jersey-only collective action under the FLSA and New Jersey state law claims against Wells Fargo.  The *Gonzalez* case was filed on April 14, 2011 (many months after *Richardson* and after *Chaplin*) in a New Jersey district court asserting claims on behalf of Wells Fargo home mortgage

---

[4]   *Richardson, et al. v. Wells Fargo Bank, N. A.*, C.A No. 4:10-cv-4949, In the Southern District of Texas, Stipulation of Tolling Agreement, Doc. No. 28 ("*Richardson* Tolling Agreement"), Ex. 4.

consultants, loan officers and/or loan originators in the state of New Jersey.  The *Gonzalez* plaintiffs asserted a New Jersey-wide FLSA collective action and a Rule 23 class action.[5] Virtually nothing has occurred in *Gonzalez*: no Joint Discovery/Case Management plan has been filed, no discovery has been conducted, no Rule 26 scheduling conference has been held, no hearings have been held, and no substantive motions have been ruled on.

### 4.    *CHAN* IS A RULE 23 CLASS ACTION ASSERTING WASHINGTON STATE LAW CLAIMS ONLY.

The *Chan* matter was brought by two plaintiffs as a Rule 23 class action under Washington state law against Wells Fargo in a Washington state court on April 12, 2011 (after both *Richardson* and *Chaplin* were filed).  *Chan* was subsequently removed to the Western District of Washington on May 24, 2011.  The *Chan* Rule 23 putative class includes home mortgage consultants employed by Wells Fargo in Washington who were not paid overtime wages in violation of Washington state law.  *Chan* does not assert any FLSA federal law claims, but does assert other state law claims including breach of contract.  The *Chan* matter is in its infancy—there are only two plaintiffs who are both from Washington, and no discovery, scheduling conference, hearings, or any other substantive action has taken place in the matter.

### B.    ON DEFENDANTS' MOTION THE MDL PANEL CONSOLIDATED ALL FOUR CASES FOR DISCOVERY AND PRE-TRIAL PURPOSES ONLY.

Shortly after the New Jersey-*Gonzalez* and Washington state-*Chan* matters were filed, on May 25, 2011 the Defendants filed a Motion to Transfer for Coordinated Pretrial Proceedings before the United States District Panel on Multidistrict Litigation ("MDL Panel") pursuant to 28

---

[5]    The *Gonzalez* claims are not legally cognizable under Fifth Circuit precedent, which precludes Rule 23 class actions in FLSA suits.  "It is crystal clear that [29 U.S.C] §216(b) precludes pure Rule 23 class actions in FLSA suits."  *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975); *see Manual for Complex Litigation* §32.42 (4th ed. 2004).

U.S.C. § 1407(a).[6]  The Defendants petitioned the MDL Panel to consolidate the four matters at issue here (*Richardson*, *Chaplin*, *Gonzalez* and *Chan*) for pretrial purposes only in the Southern District of Texas—the jurisdiction of the first-filed case (*Richardson*) and where two of the four cases were pending (*Richardson* and *Chaplin*).

The Defendants argued that consolidation was necessary to prevent duplicative discovery, such as requiring Wells Fargo's corporate witnesses to testify multiple times.[7]  Wells Fargo asserted that "Enabling a single judge to formulate a pretrial discovery program would minimize witness inconvenience and overall expense and also eliminate conflicting rulings."[8] Further, Wells Fargo argued that coordination in a single district court was necessary "for purposes of pre-trial motion practice [in order to] eliminate the likelihood of inconsistent rulings of pre-trial motions."[9]

    **1.**    **AT THE MDL HEARING, COUNSEL FOR *GONZALEZ* AND *CHAN* ASSURED THE PANEL THAT THEY WOULD NOT SEEK A NATIONWIDE COLLECTIVE ACTION AND WERE ONLY BRINGING STATE-WIDE CLAIMS, AND THAT THEY HAD NO INTEREST IN THE TEXAS LITIGATION.**

On July 28, 2011, the MDL Panel held a hearing on Defendants' Motion to Transfer for Consolidated Pretrial Proceedings in San Francisco.  Counsel for the Washington-*Chan* plaintiffs appeared and argued that pretrial coordination and consolidation was not necessary because the *Chan* matter "involves only Washington state law claims."[10]  Counsel for *Chan* further emphasized "We [the *Chan* plaintiffs] only have Washington state claims.  We have no FLSA

---

[6]    The MDL Panel may transfer civil actions to a single district court for coordinated pretrial proceedings where (1) the cases involve one or more common questions of fact; (2) the transfer would further the convenience of the parties and witnesses; and (3) the transfer will promote the just and efficient conduct of the parties. 28 U.S.C. § 1407(a).

[7]    *In re Wells Fargo Wage and Hour Employment Practices Litigation*, MDL 2266, Memorandum in Support of Defendants' Motion to Transfer for Coordinated Pretrial Proceedings ("Defendants' Motion") at p. 7 [Doc. No. 1-1].

[8]    *Id.* at p. 8.

[9]    *Id.*

[10]    Reporter's Transcript of Proceedings re Multidistrict Litigation *In re Wells Fargo Wage and Hour Employment Practices Litigation*, MDL 2266 ("MDL Hearing Tr.") at p. 8, ll. 11-12, Ex. 1.

filings in our case."[11]   *Chan*'s counsel also noted to the MDL Panel that coordination of discovery would be of limited use because "we [the *Chan* plaintiffs] have no interest in discovery with the Wachovia Defendant.   And for the other cases, they have no interest in discovery regarding our breach of contract claims or wage deductions or the specific facts establishing the evidence under Washington law. . . ."[12]

Likewise, counsel for the New Jersey-*Gonzalez* plaintiffs—who now seek to be lead counsel and take over the nationwide FLSA collective actions against both Wachovia and Wells Fargo—took a very different stance at the hearing before the MDL Panel.   Specifically, Ms. Elkin, counsel for the *Gonzalez* plaintiffs, represented to the MDL Panel that they "don't care" about what happens in Texas or Washington and only wanted to represent New Jersey plaintiffs:

> Ms. Elkin:   ***"[W]e are not seeking to have a nationwide fair standards [sic] act 216(b) collective action class.***   We only seek to represent the employees who work as home mortgage consultants, loan officers and loan originators ***in the State of New Jersey***."
>
> Judge Ferguson: "There was some confusion about that that you're only seeking a state-wide class, not a nationwide class, that you are telling us only state wide."
>
> Ms. Elkin:   "***Only New Jersey. New Jersey. New Jersey.  That is it***. . . . So it is going to be New Jersey specific.  ***We don't care what happens in Texas, no offense to Texas.   We don't care what happens in Washington***."

Reporter's Transcript of Proceedings re Multidistrict Litigation *In re Wells Fargo Wage and Hour Employment Practices Litigation*, MDL 2266 ("MDL Hearing Tr.") at p. 11, ll. 13-17; p. 11, ll. 21-25; p. 12, ll. 12-14 (emphases added), Ex. 1.

Counsel's repeated insistence that the *Gonzalez* plaintiffs would only bring a New Jersey-wide action even prompted Judge Ferguson (a member of the MDL Panel) to remark, "I'm going

---

[11]   *Id.* at p. 9, ll. 2-3.
[12]   *Id.* at p. 10, ll. 5-9.

to take Ms. Elkin [counsel for the *Gonzalez* plaintiffs] at her word that she is not filing a nationwide class action."[13]  Both counsel for the *Gonzalez*-New Jersey plaintiffs and *Chan*-Washington plaintiffs insisted and assured the MDL Panel that while *Richardson* and *Chaplin* both sought to represent FLSA nationwide collective actions, their respective cases were state-wide actions only.

### 2. THE MDL PANEL GRANTED DEFENDANTS' MOTION TO CONSOLIDATE FOR DISCOVERY AND PRETRIAL PURPOSES ONLY.

Accepting the representations of counsel at the hearing as true, on August 19, 2011 the MDL Panel granted Defendants' motion and transferred *Gonzalez* and *Chan* to the Southern District of Texas and assigned all four matters to this Honorable Court "for coordinated or consolidated pretrial proceedings."[14]  The pretrial matters primarily will involve (1) coordinating discovery efforts, particularly depositions of Defendants' witnesses, and (2) making a determination regarding whether to conditionally certify a nationwide FLSA collective action and provide notice to affected Wells Fargo and Wachovia mortgage loan officers.  Because there is only one Wachovia action—*Chaplin*—and only one nationwide FLSA collective action against Wells Fargo—*Richardson*—these are the only matters in which the Court will need to make a determination regarding nationwide conditional certification and notice to the affected loan officers.

Under the MDL Rules, it is anticipated that after pretrial proceedings are concluded, the *Gonzalez* and *Chan* matters will be remanded back to New Jersey and Washington, respectively, for trial, and *Richardson* will be remanded to Judge Rosenthal for trial, unless any case is terminated during pretrial proceedings.  *See* MDL Panel Rule 10.1(b) (2011).

---

[13] *Id.* at p. 16, ll. 5-7.

[14] *In re: Wells Fargo Wage & Hour Emp. Practices Litig. (No. III)*, MDL No. 2266 Transfer Order ("Transfer Order"), Ex. 2.

Following issuance of the Transfer Order, counsel for the New Jersey-*Gonzalez* plaintiffs made an immediate play to take over the nationwide litigation. Suddenly, they determined that they in fact *do* want to represent a nationwide FLSA collective action, despite their representations to the MDL Panel to the contrary. In furtherance of their effort to gain control of *Richardson* and *Chaplin*—the only nationwide collective actions—counsel for the New Jersey-*Gonzalez* plaintiffs brokered a fee-splitting deal with counsel for the Washington-*Chan* plaintiffs promising to provide *Chan*'s counsel with a share of the attorneys' fees, but only if the New Jersey-*Gonzalez* counsel are "appointed as sole lead counsel" over these cases.[15] Accordingly, counsel for the Washington-*Chan* plaintiffs now have a financial incentive to support the bid by the New Jersey-*Gonzalez* counsel to be designated as "lead counsel" in cases neither of them filed.

After brokering the support of the *Chan* counsel, the next step in the plan of the New Jersey-*Gonzalez* counsel's attempts to take over this litigation was to move to consolidate these four cases beyond the scope ordered by the MDL Panel. In their quest to gain control of the *Richardson* and *Chaplin* matters—the only nationwide FLSA cases—they are asking this Court to consolidate the cases for all purposes—not just pretrial matters—and appoint them as "lead counsel" over all four cases. It is clear that the only purpose behind their efforts is to take over the *Richardson* and *Chaplin* matters; after all, they already have control of the *Gonzalez* and *Chan* state-wide actions. As discussed below, the proposed consolidation not only violates the MDL Panel rules, constitutional guidelines and U.S. Supreme Court precedent, but also would be detrimental to the rights of the putative class members of the Wachovia and Wells Fargo

---

[15] Agreement between WOODLEY & MCGILLIVARY (Counsel for New Jersey-*Gonzalez* plaintiffs) and KELLER ROHRBACK L.L.P. (Counsel for Washington-*Chan* plaintiffs), Ex. 5.

nationwide collective actions.  The *Gonzalez* plaintiffs' counsel impermissibly seek to take over the nationwide collective actions to the detriment of the putative class members.

## III.    ARGUMENT & AUTHORITIES

Counsel for the New Jersey-*Gonzalez* plaintiffs have filed a legally untenable motion to consolidate these four cases for all purposes to reach their ultimate goal of being appointed as "lead counsel" in charge of *Richardson* and *Chaplin*, the FLSA nationwide collective actions. Simply put, counsel for the New Jersey-*Gonzalez* plaintiffs seek to convince this Court to go beyond the consolidation ordered by the MDL Panel, displace the Texas counsel in *Richardson* and *Chaplin*, and assign themselves (New Jersey-*Gonzalez* counsel) to be the attorneys in charge of *Richardson* and *Chaplin* instead.  Thus, if the New Jersey-*Gonzalez* lawyers prevail on their motion, the Texas legal team representing the *Richardson* and *Chaplin* plaintiffs who have fought to advance a nationwide collective action will all be displaced by New Jersey counsel who represented to the MDL Panel that they "don't care" what happens in Texas, Washington or anywhere other than New Jersey.[16]

**A.    THE MOTION TO FURTHER CONSOLIDATE SHOULD BE DENIED BECAUSE THIS COURT LACKS AUTHORITY TO CONSOLIDATE THESE CASES FOR ALL PURPOSES UNDER RULE 42, AS IT MUST REMAND EACH CASE TO THE ORIGINAL DISTRICT OR JUDGE AFTER COMPLETION OF "PRETRIAL PROCEEDINGS."**

The motion to consolidate fails at the threshold because this Court lacks the authority to grant such a motion.  In their brash attempt to hijack the nationwide collective actions, the *Gonzales* and *Chan* plaintiffs argue that this Court may consolidate these four cases –for all purposes, including trial on the merits – under Federal Rule of Civil Procedure 42.[17]  The MDL statute and U.S. Supreme Court precedent, however, expressly foreclose this argument, and both require that each case be remanded to the original district or judge after completion of pretrial

---

[16]    MDL Hearing Tr. at p. 12, ll. 12-14, Ex. 1.
[17]    Memorandum in Support of the Motion for Consolidation (Memo) at 4 [Doc. No. 6].

proceedings.  28 U.S.C. §1407(a); *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34-35 (1998).

Under the MDL statute and rules, the MDL Panel only had authority to transfer these four cases to a single district "for coordinated or consolidated *pretrial proceedings*."  28 U.S.C. §1407(a) (emphasis added); *see also* MDL Panel Rule 10.1(b) (2011).  In accordance with this limited authority under the MDL statute and rules, the MDL Panel merely consolidated these four cases before "the Honorable Gray H. Miller, for coordinated or consolidated *pretrial proceedings*."  *In re: Wells Fargo Wage & Hour Emp. Practices Litig. (No. III)*, MDL No. 2266 Transfer Order ("Transfer Order") at p. 2 (emphasis added), Ex. 2.

After completion of pretrial proceedings, the MDL statute requires each of these consolidated cases to be remanded back to the original district or judge: "Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated."  28 U.S.C. §1407(a).  The U.S. Supreme Court unanimously found that this "straightforward language imposing the Panel's responsibility to remand . . . bars any self-assignment power in a transferee court."  *Lexecon*, 523 U.S. at 40.  And the Supreme Court went on to explain that this "strict remand requirement contained in §1407" establishes "a plaintiff's right to a remand once the pretrial stage has been completed."  *Id.* at 42.

It is therefore no surprise that courts recognize that an MDL transferee court cannot grant a Rule 42 motion to consolidate *for all purposes* – beyond only pretrial proceedings – because that would extend the jurisdiction of the transferee court in violation of 28 U.S.C. §1407(a).  *See, e.g.*, *In re Cessna 208 Series Aircraft Prods. Liab. Litig.*, 2009 WL 424744, at *1 (D. Kan. 2009) (citing *In re Urethane Antitrust Litig.*, 2006 WL 2709847, at *2 (D. Kan. 2006); *In re New Motor*

*Vehicles Canadian Export Antitrust Litig.*, 235 F.R.D. 127, 146 n.72 (D. Me. 2006), *vacated on other grounds*, 522 F.3d 6 (1st Cir. 2008)); *In re Prempro Prods. Liab. Litig.*, 2008 WL 5274323, at *2 (E.D. Ark. 2008) (citing *In re Penn Central Commercial Paper Litig.*, 62 F.R.D. 341, 344 (S.D.N.Y. 1974), *aff'd without op.*, 515 F.2d 505 (2d Cir. 1975)). [18]

Well-respected treatises confirm that an MDL transferee court cannot grant a Rule 42 consolidation motion.  As explained in *Federal Practice & Procedure*:

> "[T]here are limitations on the transferee judge's authority.  For example, motions under Rule 42 of the Federal Rules of Civil Procedure to consolidate actions for all purposes would not be proper, since the jurisdiction of the transferee court cannot be extended to affect matters related to the trial or subsequent stages of an action."  15 CHARLES ALAN WRIGHT ET AL., FED. PRAC. & PROC. §3866 (3d ed.).

The Federal Judicial Center's *Manual for Complex Litigation* likewise provides that "the transferee judge has no jurisdiction to conduct a trial in cases transferred solely for pretrial proceedings."  *Manual for Complex Litigation* §20.132 (4th ed. 2004).

The motion to consolidate therefore fails at the threshold.  The MDL Panel consolidated these cases for purposes of pretrial proceedings only, and the MDL statute and U.S. Supreme Court precedent forbid this Court from consolidating these cases for additional purposes.

---

[18]   In a few outlier cases, an MDL transferee court has suggested that it has authority to grant a Rule 42 consolidation, but these cases are inapposite.  Two such cases were decided before the Supreme Court made crystal clear in *Lexecon* in 1998 that MDL transferee courts only had limited authority to conduct pretrial proceedings, and it appears that neither case actually granted a Rule 42 consolidation.  *See In re Ampicillin Antitrust Litig.*, 88 F.R.D. 174, 177 (D.D.C. 1980); *In re Paris Air Crash of Mar. 3, 1974*, 69 F.R.D. 210, 314 (C.D. Cal. 1974).  In 2006, an MDL transferee court granted a Rule 42 consolidation in an unpublished decision.  *In re Welding Fume Prods. Liab. Litig.*, 2006 WL 2869548, at *2, 6 (N.D. Ohio 2006).  But it appears the parties did not raise the issue of the court's authority to grant a Rule 42 consolidation; instead, they only argued about whether Rule 42's standards were satisfied.  *Id.* at *3-5.  Plus, the decision did not even cite *Lexecon*.

**B.** **THE MOTION TO APPOINT COUNSEL FOR THE NEW JERSEY-*GONZALEZ* PLAINTIFFS AS LEAD COUNSEL SHOULD BE DENIED, AND ALTERNATIVELY COUNSEL FOR THE TEXAS *RICHARDSON* AND *CHAPLIN* PLAINTIFFS SHOULD BE APPOINTED LEAD COUNSEL TO THE EXTENT THAT LEAD COUNSEL IS NECESSARY FOR PRETRIAL PURPOSES.**

The motion to appoint counsel for the New Jersey-*Gonzales* plaintiffs as lead counsel, like the motion to consolidate, is more gamesmanship from the New Jersey-*Gonzalez* and Washington-*Chan* plaintiffs' counsel, who seek to "acquire" a windfall of control over superior lawsuits first-filed by the *Richardson* and *Chaplin* plaintiffs.  Counsel for the *Gonzalez* plaintiffs told the MDL Panel that they only wanted to bring a New Jersey-wide action, and that litigating in Texas would be inconvenient for them.[19]  But after the MDL Panel rejected their efforts to avoid litigation in the Southern District of Texas, counsel for the New Jersey-*Gonzalez* plaintiffs have changed their tune.  They now seek, through their motion to be appointed lead counsel, to take over the first-filed, nationwide FLSA collective actions that were brought in the Southern District of Texas by the *Richardson* and *Chaplin* plaintiffs.

There are significant reasons not to appoint the New Jersey-*Gonzalez* plaintiffs' lawyers as lead counsel for any purpose.  Instead, to the extent that the Court deems it necessary to appoint "lead counsel" for pretrial or discovery purposes, this Court should appoint counsel for the *Richardson* and *Chaplin* plaintiffs as lead counsel, as these counsel are the only ones who represent the nationwide collective actions and who represent both Wachovia and Wells Fargo mortgage loan officers.  *Richardson* and *Chaplin* are the only consolidated cases involving nationwide actions, which means plaintiffs' counsel in these actions will be the only ones with all class members' interests in mind.  Moreover, tolling agreements have been negotiated by Texas counsel for *Richardson* and *Chaplin* to benefit the class members who opt in to those

---

[19]    MDL Hearing Tr. at p. 11, Ex. 1.

matters, and discovery is already ongoing in the Southern District of Texas in the *Richardson* action.

    **1.**    **APPOINTING NEW JERSEY-*GONZALEZ* COUNSEL AS "LEAD COUNSEL" WOULD NOT BE IN THE BEST INTERESTS OF THE PUTATIVE NATIONWIDE COLLECTIVE CLASS.**

        **a.**    ***RICHARDSON* AND *CHAPLIN* TOLLING AGREEMENTS WILL BENEFIT ONLY THOSE PERSONS WHO CHOOSE TO OPT IN TO THOSE CAUSES OF ACTION.**

Unlike a Rule 23 class action, in an FLSA collective action the statute of limitations on an individual worker's claim is not tolled until that worker "opts in" or files a consent form with the Court or files an individual action.  29 U.S.C. §256(b).  Ordinarily, in an FLSA collective action workers who have not learned of the lawsuit may lose potential claims for each day that passes and may have their claims in whole or in part barred by the statute of limitations.  *Id*.  The FLSA provides that an aggrieved worker may seek unpaid overtime and minimum wages three years prior to the date of filing his notice of consent if the violation is willful, and otherwise the period is two years.  29 U.S.C. § 255(a).

Counsel for the *Richardson* and *Chaplin* plaintiffs negotiated tolling agreements that toll the statute of limitations for any person who opts in to either the *Richardson* or *Chaplin* matters. The statute is tolled for *Richardson* plaintiffs and opt-ins effective February 11, 2011,[20] and *Chaplin* plaintiffs and opt-ins effective February 23, 2011[21]—and will remain tolled until the Court determines whether to conditionally certify and issue notice in each matter or 60 days after a hearing on conditional certification, whichever is sooner.  Thus, any Wachovia mortgage loan officer who opts in to *Chaplin* and any Wells Fargo mortgage loan officer who opts in to *Richardson* will have the benefit of a tolling period that already exceeds 6 months—which may

---

[20]  *Richardson* Tolling Agreement, Ex. 4.
[21]  *Chaplin* Tolling Agreement, Ex. 3.

extend their claim by at least 6 months.  It is clearly in the best interest of a putative class member to have the opportunity to opt in to the case in which the worker will benefit from having the statute of limitations tolled where it otherwise would continue to expire and reduce the available recovery for that worker.

        **b.**    **NEW JERSEY-*GONZALEZ* COUNSEL ARE NOT APPROPRIATE LEAD COUNSEL BECAUSE THEY HAVE CONFLICTING INTERESTS WITH PUTATIVE NATIONWIDE CLASS MEMBERS.**

Statements made and positions taken by New Jersey-*Gonzalez* counsel demonstrate a conflict between the interests of the New Jersey-*Gonzalez* plaintiffs and the putative nationwide collective action of Wells Fargo mortgage loan officers that the Texas-*Richardson* plaintiffs represent. The positions that have been taken by counsel for the New Jersey-*Gonzales* plaintiffs have created a conflict of interest that precludes *Gonzalez* counsel from being qualified as lead counsel for a nationwide FLSA collective action here.

Specifically, New Jersey-*Gonzalez* counsel suggested to the MDL Panel that a nationwide collective action of Wells Fargo loan officers would be unsustainable because "Wells Fargo has set up a company where New Jersey is its own region."[22]  New Jersey-*Gonzalez* counsel has advanced the position that Wells Fargo's mortgage loan officers operated under varying regional policies and procedures on a state-by-state basis rather than uniform nationwide policies.

In order to proceed as a nationwide collective action under the FLSA, the plaintiffs must demonstrate that they and the potential class members are "similarly situated" and linked together as the victims of a single decision, policy, or plan that is alleged to violate the FLSA.[23]

---

[22]   MDL Hearing Tr. at p. 12, l. 2-4, Ex. 1.

[23]   *See Maynor v. Dow Chemical Co.,* 2008 WL 2220394 at *5 (S.D. Tex. 2008) (J. Rosenthal); *Prater v. Commerce Equities Mgmt. Co., 2007 WL 5140045* at *4 (S.D. Tex. 2007); *Simmons v. T-Mobile USA, Inc.,* 2007 WL 210008 at *5 (S.D. Tex. 2007).

Counsel for the New Jersey-*Gonzalez* plaintiffs have taken a contradictory position, and unequivocally have stated that these policies are state-by-state, rather than nationwide.  Mr. Porter, counsel for Wells Fargo, corrected this claim by stating to the MDL Panel that the state-by-state argument by counsel for the New Jersey-*Gonzalez* plaintiffs is wrong:

> Mr. Porter:  "May I correct her on one point?  One point.  ***Wells Fargo has not set up any separate structure in any state.***  These people are all under the very same structure.  There is no separate New Jersey structure of supervision as was said."

MDL Hearing Tr. at p. 17, ll. 17-21, Ex. 1 (emphasis added).  Even Wells Fargo took issue with the attempts of counsel for the New Jersey-*Gonzalez* plaintiffs to create the appearance of a state-by-state structure, rather than a nationwide structure for Wells Fargo's loan officers.

If the erroneous position of the New Jersey-*Gonzalez* plaintiffs were taken as true, it would preclude the certification of a nationwide FLSA collective action because the potential class members would not be similarly situated nationwide and would only be similarly situated on a state-by-state basis.  Accordingly, the position taken by counsel for the New Jersey-*Gonzalez* plaintiffs places them squarely in conflict with putative members of a nationwide collective action.  Such a conflict makes them inappropriate as counsel for a nationwide collective action with respect to Wells Fargo's mortgage loan officers.  Their motion to be designated as lead counsel should be denied.

### c.  THE NEW JERSEY-*GONZALEZ* COUNSEL HAVE ADMITTED THAT THE SOUTHERN DISTRICT OF TEXAS IS NOT A CONVENIENT FORUM FOR THEM.

Counsel for the New Jersey-*Gonzalez* plaintiffs argued to the MDL Panel that "centralization in the Southern District of Texas is not convenient for them," Transfer Order at 1 (Ex. 2), and the MDL Panel agreed that "centralization is often less than convenient for some parties," *id.* at 2.  Since the Southern District of Texas is not a convenient forum for the New

-18-

Jersey-*Gonzalez* plaintiffs' lawyers, they should not be made lead counsel for purposes of pretrial proceedings that will be conducted in the Southern District of Texas.

      **2.**      **THE TEXAS *RICHARDSON* AND *CHAPLIN* COUNSEL SHOULD BE APPOINTED AS LEAD COUNSEL FOR PRETRIAL MATTERS TO THE EXTENT NECESSARY.**

This Court should appoint Texas counsel for the *Richardson* and *Chaplin* plaintiffs as lead counsel for pretrial purposes, if anyone.  Not only did *Richardson* and Chaplin counsel wisely obtain tolling agreements, but these counsel also are the only ones who represent the nationwide collective actions and who represent both Wachovia and Wells Fargo mortgage loan officers. *Richardson* and *Chaplin* are the only consolidated cases alleging the propriety of and seeking certification of nationwide collective actions, which means that plaintiffs' counsel in *Richardson* and *Chaplin* will be the only ones with all class members' interests in mind. Moreover, discovery is already ongoing in the Southern District of Texas in the *Richardson* action.

      **a.**      **BROADER DISCOVERY AND NATIONWIDE CERTIFICATION WILL BE SOUGHT IN *RICHARDSON* AND *CHAPLIN*.**

While it may be unnecessary to appoint "lead counsel" for these limited discovery and pretrial purposes, to the extent that a lead counsel designation is necessary it should certainly be counsel for the Texas *Richardson* and *Chaplin* matters that are designated as lead counsel as they filed the only nationwide collective actions, and *Chaplin* is the only matter relating to Wachovia mortgage loan officers.  Accordingly, the *Richardson* and *Chaplin* counsel will seek broader discovery than the New Jersey-*Gonzalez* and Washington-*Chan* counsel will in their limited state-wide actions that relate to Wells Fargo's practices only.

Counsel for the Washington-*Chan* plaintiffs indicated that they will likely not have much overlap with the depositions that the *Richardson* and *Chaplin* plaintiffs will require, and they will readily work with other counsel in the limited coordination required:

> Ms. Lin:  "For the Chan case, there is also the fact that we have no interest in discovery with the Wachovia Defendant.  And for the other cases, they have no interest in discovery regarding our breach of contract claims or wage deduction or the specific facts establishing the evidence under Washington law, which, again, are different than the federal exemptions.  I've spoken with both the New Jersey and Texas counsel and we're willing to coordinate discovery to the extent there is any overlap."

MDL Hearing Tr. at p. 10, ll. 4-12, Ex. 1.

Likewise, counsel for the New Jersey-*Gonzalez* plaintiffs also assured the Panel that if it became necessary to coordinate discovery, such coordination could easily be achieved:

> Ms. Elkin:  "[T]here are only a few cases and we can all handle this.  And we're big girls in the woods and we can work together successfully.  If there is any, you know, corporate witness that we need under 30(b)(6) that we'll coordinate and – make sure that everything is done as efficiently as possible to keep it down."

MDL Hearing Tr. at p. 13, ll. 6-9, Ex. 1.  Accordingly, to the extent that there is any overlap with respect to discovery, particularly depositions, counsel for the *Richardson* and *Chaplin* plaintiffs would serve as the appropriate lead counsel to coordinate such discovery to the extent necessary.

Further, only the *Richardson* and *Chaplin* plaintiffs may request conditional certification and notice of a nationwide collective action of Wells Fargo and Wachovia mortgage loan officers, respectively.  If the Court grants these requests for nationwide notice, *Richardson* and *Chaplin* counsel will facilitate such notice.  The discovery required for both nationwide collective actions will be far broader than the limited scope of discovery for the New Jersey-*Gonzalez* plaintiffs and the Washington-*Chan* plaintiffs in their state-wide claims.  Further, *Gonzalez* and *Chan* plaintiffs—who only worked as Wells Fargo mortgage loan officers—will have no interest in Wachovia's policies and procedures with respect to its loan officers.  Because *Richardson* is the first-filed matter relating to Wells Fargo loan officers, the *Richardson*

plaintiffs have already commenced discovery and are in a better position to understand the additional discovery that needs to be conducted.

        **b.**    *RICHARDSON* AND *CHAPLIN* COUNSEL ARE WELL-QUALIFIED.

      The motion to appoint the New Jersey-*Gonzalez* plaintiffs' counsel as lead counsel spends pages upon pages arguing that this Court should decree that the counsel selected by the *Richardson* and *Chaplin* plaintiffs to bring their nationwide actions in the Southern District of Texas must step aside and let counsel for the New Jersey-*Gonzalez* plaintiffs represent the *Richardson* and *Chaplin* plaintiffs. Besides ignoring a plaintiff's constitutional right to select his or her own counsel, *see Tex. Catastrophe Prop. Ins. Ass'n v. Morales*, 975 F.2d 1178, 1181 (5th Cir. 1992), this also ignores the substantial experience and expertise of counsel for the *Richardson* and *Chaplin* plaintiffs.

      In a desperate attempt to take over the litigation, the New Jersey-*Gonzalez* counsel spent a great deal of their motion to be appointed lead counsel discussing their accolades and legal accomplishments. A comparison of the credentials of the attorneys involved is not determinative of the inquiry here. New Jersey counsel have attempted to persuade this Court to pursue a path that violates the MDL Panel statutes and rules, binding U.S. Supreme Court precedent, and constitutional safeguards. Nonetheless, in examining the team of attorneys representing the *Richardson* and *Chaplin* plaintiffs, it is clear that they are well-qualified to handle this litigation. Further, as indicated below, counsel for *Richardson* and *Chaplin* are involved in three other FLSA collective actions against Wells Fargo, as well as three other FLSA collective actions against Wachovia, which gives them a wealth of experience and background concerning both employers.

### i.    Rhonda H. Wills of WILLS LAW FIRM.

Ms. Wills has practiced for almost 17 years specializing in employment litigation and complex multi-party litigation, including class actions and FLSA collective actions.  Ms. Wills is a graduate of the University of Texas School of Law and was licensed to practice in Texas in 1994.  She is admitted to practice before the Southern District of Texas, Western District of Texas, Fifth Circuit Court of Appeals (1999) and United States Supreme Court (2000).  Ms. Wills practiced at VINSON & ELKINS L.L.P. for almost 8 years before forming her own litigation boutique specializing in employment litigation, including FLSA collective actions and multi-party litigation.   While at VINSON & ELKINS, Ms. Wills handled complex class actions representing defendants in various jurisdictions, including Texas, South Carolina, North Carolina, and Ontario, Canada.  Since forming her litigation boutique, Ms. Wills has successfully represented plaintiffs in nationwide and state-wide FLSA collective actions.   She has also handled numerous FLSA collective actions representing mortgage loan officers as discussed in Exhibit 6.   Further, Ms. Wills is currently representing employees in three additional FLSA collective actions against Wells Fargo and three other FLSA collective actions against Wachovia.  A representative list of Ms. Wills' FLSA collective action and multi-party matters is attached in the Appendix as Exhibit 6.

### ii.    Paul Yetter and Reagan Simpson of YETTER COLEMAN LLP.

YETTER COLEMAN LLP is a litigation boutique of 30 attorneys with offices in Houston and Austin.  The firm has extensive experience handling class actions, MDL matters, and multi-party litigation from filing suit through final resolution on appeal.  In 2009, it was selected by *The American Lawyer* as one of the nation's leading litigation boutiques, and in 2010 by *The National Law Journal* as one of the leading national appellate practices.  The firm's class actions

and complex multi party litigation representations include *In re BP Securities Litig.* (S.D. Tex.) (co-counsel for lead plaintiffs New York and Ohio); *M.D. v. Perry* (counsel for certified class of 12,000 foster children in civil rights class action); and *Haas v. Marriot Int'l, Inc.* (class counsel for limited partners who invested in syndicated partnerships, securing record settlement in excess of $400 million).

Paul Yetter and Reagan Simpson have handled trials and appeals of cases across the country on behalf of clients in a variety of industries, including the energy, airline, mining, entertainment, banking, utility, and financial services industries.  In recent years, Mr. Yetter has obtained verdicts on behalf of an Australian mining company in Nevada state court ($136 million) and on behalf of a financial services company against a U.K. insurer in Houston federal court ($32.5 million). Mr. Simpson, who focuses on complex commercial litigation and appeals, is a Fellow of both the American College of Trial Lawyers and the American Academy of Appellate Lawyers.  He was recognized in 2011 *The Best Lawyers in America* for Appellate Litigation.  Biographies of Messrs. Yetter and Simpson and other firm attorneys involved in this matter are attached as Exhibit 7.  Further, a representative list of the firm's class action and multi-party matters is attached as Exhibit 7A.

### iii.    Diana E. Marshall and Ronald C. Lewis of MARSHALL & LEWIS, LLP.

Together, Diana E. Marshall and Ronald C. Lewis offer their clients over 50 years of trial experience.  They are experienced in handling matters that are complex because of the number of parties, difficulty of the legal issues or sensitivity of the business issues involved.  Ms. Marshall and Mr. Lewis have handled hundreds of cases.  Ms. Marshall has over one hundred jury verdicts and both Ms. Marshall and Mr. Lewis have tried cases as lead counsel to verdict in the Southern District of Texas.  Ms. Marshall is a graduate of the University of Texas Law School.  She is

-23-

Board Certified in Civil Trial Law.  Each year she has been named as a Texas Super Lawyer by Law and Politics magazine.  Time Magazine named her as one of the Top Five Women Trial Lawyers in America.  She has been honored by admission as a Fellow of The American College of Trial Lawyers and The American Board of Trial Advocates.  Mr. Lewis graduated from Harvard Law School with honors in 1983.  He has been repeatedly selected by his peers to be included in the Best Lawyers in America.  Biographies of Ms. Marshall and Mr. Lewis are attached as Exhibit 8.

### iv.    John M. Padilla of Padilla, Rodriguez & de la Garza, LLP.

John M. Padilla is an honors graduate of the University of Texas School of Law with extensive business education, including a B.B.A. with highest honors and an M.B.A.  Mr. Padilla is a veteran litigator who was previously associated with BAKER & BOTTS, L.L.P.  He has represented plaintiffs in contingent fee litigation for more than 15 years, and was recognized for top Texas verdicts in 2009 and 2010.  Mr. Padilla's biography is attached as Exhibit 9.

### IV.    CONCLUSION

Less than two months ago when appearing before the MDL Panel, counsel for the New Jersey-*Gonzalez* plaintiffs desperately tried to stay out of the Southern District of Texas by arguing that they only wanted to bring claims on behalf of former Wells Fargo home mortgage consultants *who worked in New Jersey*.  Now, however, the New Jersey-*Gonzalez* counsel want nothing more than to become lead counsel to control the first-filed, nationwide FLSA collective actions brought by the *Richardson* and *Chaplin* plaintiffs.  The New Jersey-*Gonzalez* counsel seek to steer this Court along a path of consolidation that is clearly prohibited by the MDL and U.S. Supreme Court—because that is the path that might hand them the opportunity to step in to the cases brought by Texas counsel for nation-wide collective actions.

The Texas *Richardson* and *Chaplin* plaintiffs respectfully request that this Court (1) deny the New Jersey-*Gonzalez* and Washington State-*Chan* plaintiffs' motion to further consolidate, (2) deny their motion to appoint the New Jersey-*Gonzalez* plaintiffs' counsel as lead counsel, (3) alternatively, grant the Texas *Richardson* and *Chaplin* plaintiffs' motion to appoint their counsel as lead counsel, and (4) grant all other relief to which the Texas *Richardson* and *Chaplin* plaintiffs are entitled.

Dated: September 28, 2011
Houston, Texas

Respectfully submitted,

By: */s/ Rhonda H. Wills*
  **Rhonda H. Wills**
  ATTORNEY-IN-CHARGE
  State Bar No. 00791943
  Federal Id. No. 20699
  WILLS LAW FIRM
  1776 Yorktown, Suite 600
  Houston, Texas  77056
  Telephone:  (713) 528-4455
  Facsimile:  (713) 528-2047

  */s/ R. Paul Yetter*
  **R. Paul Yetter**
  State Bar No. 22154200
  Federal Id. No. 3639
  **Reagan W. Simpson**
  State Bar No. 18404700
  Federal Id. No. 1976
  YETTER COLEMAN LLP
  909 Fannin, Suite 3600
  Houston, Texas 77010
  713.632.8000
  713.632.8002 (Fax)

_/s/ Diana E. Marshall_
**Diana E. Marshall**
State Bar No. 13025500
Federal Id. No. 3535
**Ronald C. Lewis**
State Bar No. 12305450
Federal Id. No.  00943
MARSHALL & LEWIS, LLP
1010 Lamar Street, Suite 450
Houston, Texas 77002
Telephone: (713) 655-0300
Facsimile: (7l3) 655-0130

_/s/ John M. Padilla_
**John M. Padilla**
State Bar No. 00791395
Federal Id. No. 19236
PADILLA, RODRIGUEZ & DE LA GARZA, L.L.P.
1776 Yorktown Street, Suite 110
Houston, Texas 77056
Telephone: (713) 574-4600
Facsimile: (713) 574-4601

**ATTORNEYS FOR _RICHARDSON_ & _CHAPLIN_ PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on **September 28, 2011**, I electronically filed the foregoing document with the clerk of the court for the Southern District of Texas using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented to accept this Notice as service of this document by electronic means and/or the foregoing document is being sent by U.S. Mail:

Gregory K. McGillivary
Molly A. Elkin
Diana J. Nobile
Woodley & McGillivary
1101 Vermont Ave. NW, Suite 1000
Washington, D.C. 20005
*Attorneys for Gonzalez Plaintiffs*

Vincent M. Giblin
Pitta & Giblin LLP
120 Broadway, 28th Floor
New York, NY 10271
*Attorneys for Gonzalez Plaintiffs*

Mark A. Griffin
Tana Lin
Keller Rohrback LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101
*Attorneys for Chan Plaintiffs*

Timothy James Pauley
Pauley Law Group PLLC
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
*Attorneys for Chan Plaintiffs*

David Bryce Jordan
Littler Mendelson, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
*Attorneys for Defendants*

Lindbergh Porter
Philip L. Ross
Littler Mendelson, P.C.
650 California Street, 20th Floor
San Francisco, CA 94108
*Attorneys for Defendants*

/s/ R. Paul Yetter
R. Paul Yetter