IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: Wells Fargo Wage and Hour Employment Practices Litigation (No. III) | § § § § § § § § | Multi-District Litigation Case No. 4:11-md-2266 |

**PLAINTIFFS' MOTION FOR APPROVAL OF FLSA NOTICE FORMS AND METHODS AND FOR LONGER NOTICE PERIOD**

Plaintiffs move the Court for approval of appropriate notice forms and process, in order to renew progress in this important case long delayed by defendants' mandamus gambit.

On August 10, 2012, the Court granted conditional certification under the Fair Labor Standard Act of two collective action classes in this multi-district litigation: a collective action on behalf of home mortgage consultants (HMCs) employed by Wells Fargo from February 11, 2008 to March 31, 2011; and a collective action on behalf of mortgage consultants (MCs) employed by Wachovia from February 23, 2008 to December 31, 2009. Dkt. #81. Defendants were to provide plaintiffs a list of prospective class members, including last known addresses and telephone numbers. *Id.* at 50. The parties also were to "meet and confer about the notice form as soon as possible" and submit a notice form for the Court's consideration. *Id.* at 51.

Rather than complying, the defendant banks announced they intended to seek mandamus review of the Court's order. On September 4, 2012, Wells Fargo filed a Petition for Writ of Mandamus, making the same arguments as those rejected a year earlier by the Sixth Circuit in a mandamus proceeding brought by the banks' counsel representing other defendants. *See In re HCR ManorCare, Inc.*, 2011 WL 7461073 (6th Cir. 2011). Seven months later, the Fifth Circuit denied the petition in a twelve-word order and issued the judgment as mandate, thus restoring this Court's jurisdiction. Dkt. #93.

The needless mandamus delay wasted valuable judicial resources and made effective notice to prospective class members much more difficult.  During the seven-month delay, more of them moved, changed phone numbers, or otherwise became harder to reach.  To mitigate this prejudice to adequate notice, plaintiffs submit that certain corrective measures are warranted, in addition to approval of their proposed notice form.  These measures include extending the notice period by up to 90 more days; providing for follow-up contacts, such as recorded telephone messages; and creating a website with court-approved information about the litigation and opt-in forms.  In addition, as is typical in this District, plaintiffs request that the bank defendants provide email addresses, for the purpose of sending class notice, and Social Security numbers for prospective class members who cannot be located by other means.

Lead Counsel have conferred with defense counsel about the proposed notice, both before the banks started their mandamus proceeding and again more recently.  On neither occasion were the parties able to agree on the form of notice.  Due to this impasse, plaintiffs submit for approval the attached forms for dissemination and/or use to facilitate notice here:

- Notice form for Wells Fargo and Wachovia HMCs/MCs [Exhibit 1]
- Notice of Consent form for Wells Fargo and Wachovia HMCs/MCs [Exhibit 2]
- Information Form to all putative class members [Exhibit 3]
- Mailing Envelope Content  [Exhibit 4]
- Script for Recorded Telephone Message [Exhibits 5 and 6]

Plaintiffs also seek approval to use several methods for notice:  U.S. mail; email; a website at www.WellsFargoWachoviaOvertime.com; recorded phone messages; and postings at the banks' offices, both in hard copy and on their intranet.  To most effectively provide this long-delayed notice, plaintiffs request an expansion of the notice period to six months.

**I.     The Court Should Approve Plaintiffs' Proposed Form and Method of Notice and Expand the Notice Period.**

   **A.     Expansion of the Notice Period**

The past seven months of needless delay warrants an expansion of the notice period to 180 days, from the current court-approved period of 90 days. Due to addresses and other contact information that have become stale, we will need a more intensive notice process. The extra three months will allow for returned mail, follow up on returned notice forms, and research on addresses that are no longer valid. The extra time also will allow affected class members to have sufficient time to opt into the case. A careful notice process here is especially important due to the size of the affected HMC/MC group, which the banks estimate to be nearly 15,000.[1]

Accordingly, plaintiffs request an expanded notice period of 180 days, which we submit is reasonable and appropriate due to the long mandamus delay and for the large class.

   **B.     Form of Notice**

In our courts, "the general rule is that absent reasonable objections to plaintiffs' proposed class notice, the plaintiffs should be allowed to use the language of their choice in drafting the notice." *Vargas v. Richardson Trident Co.*, 2010 WL 730155, *11 (S.D. Tex. 2010). For this reason, where both parties submit proposed notices, courts "use Plaintiffs' notice as the starting point." *Gandhi v. Dell Inc.*, 2009 WL 3427218, *2 (W.D. Tex. 2009). Further, although a court "has both the power and the duty to ensure that the notice is fair and accurate, that power should not be used to alter plaintiffs' proposed notice unless such alteration is necessary." *King v. ITT Continental Baking Co.*, 1986 WL 2628, *3 (N.D. Ill. 1986).

---

[1]     On March 22, 2013, defendants provided three lists purporting to contain names and addresses of all putative class members, as required by the Court's order. Dkt. #81 at 51. Altogether, they estimate the lists contain information for 14,850 putative class members. While our review of the lists is ongoing, there appear to be significant and inexplicable omissions. For example, several Wells Fargo opt-in plaintiffs and Wachovia opt-in plaintiffs appear to be missing, as well as class members who provided declarations for the banks' opposition to conditional certification.

Plaintiffs' proposed notice does not suffer from any defects warranting alteration, and the banks' expressed objections are contrary to the law or grounded on a misreading of the notice.

First, the banks have not disputed (at least as yet) that the proposed notice is adequate to inform potential class members of the pendency of this suit, their rights to opt into it, the effects of choosing to opt in or declining to do so, and that participation in the suit is voluntary. They also have not disputed that the notice provides adequate instructions on how to opt in.

But defendants have objected to the part of the notice that advises putative class members that retaliation for participation in this case is prohibited, claiming it should be "mutual." They seem to want class members to be told that plaintiffs cannot retaliate against them for *not* joining this litigation. This is silly, and defendants cannot explain how this scenario is even possible. In fact, the provision of the FSLA that protects employees when exercising their rights recognizes the inherent unlikelihood of this situation by barring discrimination only where an employee "has filed any complaint or instituted or caused to be instituted any proceeding." 29 U.S.C. §215(a)(3). Unsurprisingly, no case supports defendants' suggested revision.

Defendants also have claimed that the notice fails to explain their "contentions." In so doing, they ignore the language of the notice: "Wells Fargo denies that it has improperly paid any current or former employees and denies that any current or former employees are entitled to any additional compensation." Exh. 1 at 1. Not coincidentally, this sentence is almost identical to one in the class notice approved on an *unopposed* basis in the banks' California MDL proceeding, a case also involving HMC overtime pay practices. *See* Exh. 7.

Defendants also have said they want the notice to include a statement that plaintiffs may be liable for costs. This is improper, as Judge Ellison explained when rejecting a similar request:

> Given the remote possibility that such costs for absent class members would be other than de minimis, and the absence of any showing by defendants that counterclaims are likely to be meaningful in this case, I think such language is

-4-

inappropriate. It may have an *in terrorem* effect that is disproportionate to the actual likelihood that costs or counterclaim damages will occur in any significant degree.

*Barajas v.* Acosta, 2012 WL 1952261, *5 (S.D. Tex. 2012). An *in terrorem* effect is just what many defendants would want in a notice. Here, the banks have not asserted counterclaims and cannot explain why plaintiffs would be liable for *any* substantial costs. *See also Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 500 (D. Neb. 2009) ("it is not clear whether prevailing defendants can be awarded defense costs from plaintiffs seeking recovery under the FLSA, and such a notice may discourage plaintiffs from joining the litigation").

Relatedly, defendants have argued that the notice should give a *more* detailed description of the potential discovery and trial obligations of putative class members. The notice advises that "you may be required to give information and documents." Ex. 1 at 2. Defendants reject this neutral language, hoping to scare class members with notice of onerous case burdens. This, again, is improper. Indeed, this type of notice simply is inappropriate in FLSA cases, "where discovery is limited and Plaintiffs are not likely to be called upon to provide deposition testimony." *Perrin v. Papa John's Int'l, Inc.,* 2011 WL 4815246, *4 (E.D. Mo. 2011). Our proposed language is proper and should be used.

Defendants have objected that the notice refers to the California MDL settlement. It does, for good reason. Without this information, some class members could be misled to think that they are barred from participating here by virtue of the previous settlement. The notice avoids any such misimpression, by accurately clarifying that settling claimants in the California MDL who continued to work at Wells Fargo after July 20, 2010 *are* eligible to join this action. Exh. 1 at 3. The proposed notice also contains sufficient information so that class members can identify the settlement, including the aggregate amount of the settlement ($20 million) and the timing of the payments to class members (2011). Information about the settlement avoids the

risk that putative class members will wrongly conclude they are excluded from the class, thus making the notice more accurate. *See Calderon v. King Umberto, Inc.*, 2012 WL 4356738, *5 (E.D.N.Y. 2012) (requiring inclusion of language in notice advising of effect of prior action brought by the U.S. Department of Labor). The banks concede the information is correct; they just don't want to tell prospective class members.

Finally, defense counsel have asked to insert their contact information into the notice. In the words of one court, "there is no basis in law or logic" for this request. *Gambo v. Lucent Technologies, Inc.*, 2005 WL 3542485, *7 (N.D. Ill. 2005). There is "no need" for notice to have defense counsel's contact information. *Castillo v. Alkire Subway, LP*, 2001 WL 36290153, *6 (S.D. Tex. 2005). Nothing about notice in this case warrants what defendants want.

### C. Methods of Notice

Even the banks must admit that the benefits of a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action." *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Here, to insure that putative class members receive effective notice, especially after the long mandamus delay, plaintiffs propose that notice be issued by regular mail; email; a website; recorded telephone messages; and postings in the bank locations where HMCs work and on their intranet.

#### 1. Notice via Regular Mail

Plaintiffs request authorization to disseminate notice to class members at their last known mailing address via first class mail. Notice via mail is a widely accepted practice. *See, e.g., Lopez v. Bombay Pizza Co.*, 2012 WL 5397192, *4 (S.D. Tex. 2012) (Miller, J.).

#### 2. Notice via Electronic Mail

Notice by email is a common form of notification in FLSA cases today. *See Jones v. JGC Dallas LLC*, 2012 WL 6928101, *5 n.9 (N.D. Tex. 2012) (collecting cases). "Permitting

-6-

transmission by mail and by email to former employees both appropriately safeguards the privacy of individuals not currently a party to the case and helps ensure that all potential plaintiffs receive notice of their right to join this lawsuit." *Wolfram v. PHH Corporation*, 2012 WL 6676778, *4 (S.D. Ohio 2012).

To effectuate notice by email, plaintiffs ask the Court to order defendants to produce within 14 days email addresses for class members in the same format as required by the certification order. Courts grant expedited discovery of information identifying class members "in order to enable efficient joinder of interested parties at an earlier stage in the case." *Sims v. Housing Authority City of El Paso*, 2010 WL 2900429, *5 (W.D. Tex. 2010) (ordering production of Social Security numbers and other information within 14 days).

### 3. Notice via the Internet and Defendants' Intranet

Along with mailing and posting notice, plaintiffs request leave to establish a website with the notice and related information, including opt-in forms. Publishing notice via the internet is often used as a supplement to other notice efforts, a practice employed by many courts, including in Texas. *See, e.g., Black v. Settlepou, P.C.*, 2011 WL 609884, *6 (N.D. Tex. 2011) (authorizing plaintiffs' counsel to maintain a website to inform similarly situated persons of the right to opt into the litigation); *Nelson v. American Standard, Inc.*, 2008 WL 906324, *4 (E.D. Tex. 2008) (ordering parties to confer on content and operation of a website to be maintained by plaintiffs' counsel to provide information about action to putative plaintiffs). Publishing notice via the Internet is particularly appropriate here, where mailing addresses are unlikely to be up-to-date, due to the high turnover among HMCs and the mandamus delay.

On the website, prospective class members may view the notice and learn about the status of the litigation. They will have the ability to execute consent forms online by electronically providing their name, current contact information, date of birth, and last four digits of their social

security number, all in a secure manner. Lead Counsel will receive the executed consent, to then be filed with the Court. Other Texas courts have used this practice. *See, e.g., Jones v. JGC Dallas LLC*, 2012 WL 6928101, *5 (N.D. Tex. 2012).

Relatedly, plaintiffs request that the Court order defendants to post the notice on the corporate intranet utilized by putative class members. Posting a link to the notice in this manner will impose no undue burden nor generate any confusion. This method of notice will inform potential class members of the pendency of this case at a *de minimis* cost.

### 4. Posting Notice at Defendants' Offices

Plaintiffs also request that defendants be ordered to post the notice and consent forms in its offices where HMCs work, for the benefit of current employees. As Judge Ellison observed, this method of notice "similarly advances the substantial interest in advancing the broad remedial goal of the FLSA." *Barajas v. Acosta*, 2012 WL 1952261, *4 (S.D. Tex. 2012). Courts have recognized that requiring defendants to post the notice is not unduly disruptive in the workplace and not an onerous burden. *See, e.g., Bados Madrid v. Peak Constr., Inc.*, 2009 WL 2983193, *3 (D. Ariz. 2009); *Pereira v. Foot Locker, Inc.*, 261 F.R.D. 60, 68 (E.D. Pa. 2009); *Garcia v. Pancho Villas of Huntington Village, Inc.*, 678 F.Supp.2d 89, 96 (E.D.N.Y. 2010).

### 5. Reminder Notice

Plaintiffs request that the Court approve the dissemination of a reminder notice to alert potential plaintiffs that the deadline for the notice period is approaching. The reminder notice will be identical to the approved notice, and it will be sent no later than 30 days before the expiration of the notice period. Courts routinely approve a reminder notices for purposes of notification in FLSA actions. *See, e.g., Black v. Settlepou, P.C.*, 2011 WL 609884, at *5 (N.D. Tex. 2011) (plaintiff "is permitted to send subsequent mailings of the Notice").

### 6. Recorded Message

Plaintiffs request that they be permitted to provide a recorded message to class members, both at the time notice is disseminated and no later than 30 days prior to the expiration of the notice period. *See* Exhs. 5 and 6. This will provide prospective class members with another source of accurate, Court-approved information.

### D. Social Security Numbers to Effectuate Service

Plaintiffs request the Court order defendants to provide Social Security numbers for each putative class member whose notice is returned undeliverable. This will enable Lead Counsel to locate those putative class members who may have moved and for whom defendants have failed to identify current addresses. Use of Social Security numbers for purposes of providing notice is a common practice in FLSA actions upon a showing of need. *See, e.g., Flowers v. MGTI, LLC*, 2012 WL 1941755, at *5 (S.D. Tex. 2012); *Blake v. Colonia Savings, F.A.*, 2004 WL 1925535, *2 (S.D. Tex. 2004) (Harmon, J.).

### Conclusion

For these reasons, plaintiffs respectfully request that the Court grant the following relief: approval of the notice materials, submitted as Exhibits 1, 2, 3, 4, 5, and 6; expansion of the notice period to 180 days; ordering defendants to produced email addresses for class members within 14 days and Social Security numbers for class members whose mailed notice is returned undeliverable; and all other relief that the Court considers warranted.

March 27, 2013                    Respectfully submitted,

/s/ Rhonda H. Wills
Rhonda H. Wills (Lead Counsel)
State Bar No. 00791943
WILLS LAW FIRM, PLLC
1776 Yorktown, Suite 600
Houston, Texas  77056
(713) 528-4455
(713) 528-2047 (Fax)

/s/ R. Paul Yetter
R. Paul Yetter (Lead Counsel)
State Bar No. 22154200
Reagan W. Simpson
State Bar No. 18404700
YETTER COLEMAN LLP
909 Fannin, Suite 3600
Houston, Texas 77010
(713) 632-8000
(713) 632-8002 (Fax)

Diana E. Marshall
State Bar No. 13025500
MARSHALL & LEWIS, LLP
1010 Lamar Street, Suite 450
Houston, Texas 77002
(713) 655-0300
(713) 655-0130 (Fax)

John M. Padilla
State Bar No. 00791395
PADILLA, RODRIGUEZ & DE LA GARZA, L.L.P.
1776 Yorktown Street, Suite 110
Houston, Texas 77056
(713) 574-4600
(713) 574-4601 (Fax)

ATTORNEYS FOR PLAINTIFFS & PUTATIVE CLASSES

-11-

**Certificate of Conference**

I certify that having conferred with defense counsel, Defendants are opposed to this Motion.

/s/ Autry W. Ross
Autry W. Ross

**Certificate of Service**

I certify that the foregoing document has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will in turn send a notice of the electronic filing to all counsel of record, on this 27th day of March, 2013.

/s/ Autry W. Ross
Autry W. Ross