IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |
|---|---|
| § | |
| § | |
| IN RE: WELLS FARGO WAGE AND § | |
| HOUR EMPLOYMENT PRACTICES § | |
| LITIGATION (NO. III) § | |
| § | MDL CASE NO. 4:11-MD-2266 |
| § | |
| § | |
| § | |

## MEMORANDUM, RECOMMENDATION AND ORDER

Pending before the court[1] is Plaintiffs' Motion to Enforce Conditional Certification Order (Doc. 111) and the response filed thereto. The motion is **DENIED** at this time and the court **RECOMMENDS** that the court reconsider its earlier conditional certification order in light of new information.

### I. Procedural Background

On August 10, 2012, the court granted conditional certification under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., for two nationwide collective classes: home mortgage consultants ("HMCs") employed by Wells Fargo from February 2008 to March 2011; and mortgage consultants ("MCs") employed by Wachovia from February 2008 through 2009.[2] That order stated:

> Defendants shall provide to Plaintiffs' counsel a list . . . of all individuals (1) who have worked for Wachovia as a MC at any time from February 23, 2008, to December 31, 2009, and who (a) were paid on a commission basis

---

[1]    This motion was referred to the undersigned for disposition and/or recommendation. See Doc. 113, Order.

[2]    See Doc. 81, Order.

> under a Wachovia Mortgage Corporation or Wachovia
> Corporation compensation plan and (b) were classified as
> exempt for purposes of the FLSA; and (2) who have worked
> for Wells Fargo as an HMC at any time from February 11,
> 2008, to March 31, 2011, and who (a) were paid on a
> commission basis and (b) were classified as exempt
> workers for purposes of the FLSA.[3]

To effect notice to the class, the court ordered Defendants to provide to Plaintiffs in both electronic and paper format the names of those persons who fell within these two classes within twenty days.[4]  The court also set other deadlines related to noticing the conditional class.[5]  These deadlines were temporarily postponed while Defendants sought a writ of mandamus before the Fifth Circuit Court of Appeals.  The appellate court rejected Defendants' claims on March 15, 2013.[6]

On May 1, 2013, the court heard oral argument on class notice issues and, on May 17, 2013, entered an order granting in part, denying in part Plaintiffs' motion for approval of class notice forms and methods of notice and for a longer notice period.[7]

On June 11, 2013, Plaintiffs filed the present motion, seeking court assistance in obtaining from Defendants a complete list of prospective plaintiffs and their last known addresses and phone

---

[3]     See Doc. 81, Order pp. 50-51 (emphasis added)(notes omitted).

[4]     Id. pp. 50-51.

[5]     Id. p. 51.

[6]     See Doc. 93, Order.

[7]     See generally Doc. 104, Order.

numbers in conformity with the court's previous order.  Plaintiffs recount the delays they have experienced in obtaining a complete list of potential class members and complain that Defendants have intentionally omitted 8,300 California HMCs from their required disclosures.[8]

Defendants do not deny that they have intentionally omitted production of this group of 8,300 HMCs, but argue that this group should not be considered as part of the conditional class because they were part of a California state court class action brought against Wells Fargo that resolved state and federal overtime claims for HMCs through March 26, 2011.

In support, Defendants attach a July 27, 2011 Order Granting Final Approval of Class Settlement and Entry of Judgment in <u>Lofton, et al., v. Wells Fargo Home Mortgage</u>, Superior Court of California, County of San Francisco, Case No. CGC-11-509502.[9]  The class covered by this settlement ("the <u>Lofton</u> Class") consisted of HMCs who worked at Wells Fargo from February 10, 2011,[10] through March 26, 2011, and who were classified as exempt from overtime.[11]

---

[8]    <u>Id.</u>

[9]    Doc. 131, Ex. 1 to Defs.' Resp. to Pls.' Mot. to Enforce, Order Granting Final Approval.

[10]    This date appears to be a typo.  In the notice to the class, the class is defined as HMCs who worked for Wells Fargo from February 10, 2001, to March 26, 2011.  <u>See</u> Doc. 131, Ex. 2 to Defs.' Resp. to Pls.' Mot. to Enforce, Class Notice p. 1.

[11]    Doc. 131, Ex. 1 to Defs.' Resp. to Pls.' Mot. to Enforce, Order Granting Final Approval.  Although the <u>Lofton</u> class appears to be five days shy of the end date of the class conditionally certified by this court, Defendants'

Section D of the <u>Lofton</u> Class notice stated that the settlement covered both state and federal overtime claims.[12]   The notice advised the potential plaintiffs that if they did not file a claim for compensation via the <u>Lofton</u> Class settlement, they would still be bound by the negotiated release of all claims against Wells Fargo for the period covered by the settlement.[13]

Defendants argue the <u>Lofton</u> Class claims are barred by res judicata, and, therefore, they should not have to produce those names in this action.[14]  A ruling in Defendants' favor on this issue would, in essence, overrule the court's determination of the scope of the class in this action.

Plaintiffs urge the court to require Defendants to turn over the <u>Lofton</u> class names, notify that class of their opt-in rights and determine at a later date whether the <u>Lofton</u> Class should be excluded from the MDL class.  The court acknowledges that the case law cited by Plaintiffs would allow the court to ignore, for now, the difficult position that Defendants' non-disclosure of the <u>Lofton</u> Class action has placed it in.  The court has little sympathy for Defendants' predicament, which, in the court's view is

---

counsel informed the court that the HMCs were reclassified as overtime-eligible on March 27, 2011.  If true, both classes have the same effective end date.

[12]    <u>See</u> Doc. 131, Ex. 2 to Defs.' Resp. to Pls.' Mot. to Enforce, Class Notice p. 3.

[13]    <u>Id.</u> p. 5.

[14]    <u>See</u> Doc. 131, Defs.' Resp. to Pls.' Mot. to Enforce, Class Notice pp. 5-9.

self-inflicted.  However, the court does not believe that it is in the best interests of judicial economy to put off for another day whether the Lofton Class claims should have been included in this action.

Therefore, the court **DENIES** Plaintiffs' Motion to Enforce at this time.  The undersigned **RECOMMENDS** that the court reopen the class certification process to consider whether the Lofton Class is similarly situated to other class members in this action.

The Clerk shall send copies of this Memorandum, Recommendation and Order to the respective parties who have fourteen (14) days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  The original of any written objections shall be filed with the United States District Clerk electronically.

**SIGNED** this 16$^{t}$ day of July, 2013.

Nancy K. Johnson
United States Magistrate Judge

5