UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: WELLS FARGO WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION (NO. III) | § § § | MULTI-DISTRICT LITIGATION CASE NO. H-11-2266 |

**ORDER**

Pending before the court is the Magistrate Judge's Memorandum, Recommendation and Order ("M&R") relating to Plaintiffs' Motion to Enforce Conditional Certification Order ("Motion to Enforce") (Dkt. 111). Dkt. 149. The Magistrate Judge denied the Motion to Enforce and recommended that the court reconsider its earlier conditional certification order in light of new information. *Id.* Plaintiffs filed objections to the M&R. Dkt. 159. After considering the M&R, objections, related filings, and the applicable law, the court is of the opinion that the M&R should be ADOPTED and the order granting conditional certification should be RECONSIDERED.

**I. BACKGROUND AND ANALYSIS**

On August 10, 2012, the court granted conditional certification of two nationwide collective classes—one comprised of home mortgage consultants ("HMC") employed by Wells Fargo from February 2008 to March 2011 and the other comprised of mortgage consultants ("MC") employed by Wachovia from February 2008 through 2009. Dkt. 81. Defendants Wells Fargo Bank, N.A. and Wachovia Mortgage Corporation (the "Bank Defendants") were opposed to the conditional certification for numerous reasons. *Id.* One of the arguments the Bank Defendants presented was that the individuals in the proposed class of plaintiffs were not similarly situated with regard to the type of work they do or did and thus not similarly situated with regard to whether FLSA overtime exemptions apply. *See id.* In the conditional certification order, the court noted that several cases in the Southern District of Texas had held that whether exemptions apply is a merits-based inquiry

and not relevant at the notice stage. *Id.* The court followed these cases and did not consider the Bank Defendants' merits-based arguments about exemptions. *Id.* The Bank Defendants presented several other arguments not relevant to the current issue. The Bank Defendants did not, however, argue that there were plaintiffs in California who should not be included in the class definitions because these plaintiffs had already released their claims. The court defined the classes by using the Plaintiffs' requested definitions. *Id.*

The conditional certification order required the defendants to provide Plaintiffs with lists of all individuals who meet the class definitions so that Plaintiffs could mail notice to these individuals. Dkt. 81. On May 17, 2013,[1] the court granted, in part, Plaintiffs' motion for approval of the notice forms. Dkt. 104. One relevant aspect of the approved notice forms is that, pursuant to requested terminology provided by Plaintiffs, the forms advise potential plaintiffs in California that if they were part of a previous class action in the Northern District of California that they may still be eligible to participate in this action if they continued to work for Wells Fargo after July 20, 2010. Dkt. 104. Thus, the court-approved notice forms specifically carve out individuals who were part of the Northern District of California case who did not continue to work for Wells Fargo after July 20, 2010. The Bank Defendants did not point out in their briefing opposing the proposed notice forms that there were other potential plaintiffs in California who should also be carved out.

On June 11, 2013, Plaintiffs filed a motion to enforce the conditional certification order. Dkt. 111. In this motion, Plaintiffs advised the court that the Bank Defendants had failed to provide an accurate and complete list of individuals in the defined class. *Id.* Specifically, the Bank

---

[1] The timespan between the conditional certification order and the motion for approval of notice is so long due to after an intervening attempt by Defendants to obtain a writ of mandamus requiring the court to use a different procedure when deciding collective action certification. *See* Dkt. 92.

Defendants were withholding information on 8,000 California HMCs who the banks claimed had released their claims in this action as part of a class-action settlement in California state court (the "*Lofton* Class"). *Id.* In response to the motion, the Bank Defendants argued that Plaintiffs wanted "to dynamite a carefully negotiated, California state court-approved class action settlement of wage claims, shatter the finality of that judicial resolution, and ignite confusion and uncertainty with the resurrection of rights and liabilities of thousands of previously litigated employee disputes." Dkt. 131. The Plaintiffs' motion was referred to the Magistrate Judge, who heard arguments and carefully considered the parties' arguments. *See* Dkt. 149 (M&R).

As the Magistrate Judge noted, the Bank Defendants, by refusing to supply the names of all the members of the putative class (as it is currently defined), essentially wish to redefine the class without the court's intervention. In their conditional certification briefing, the Bank Defendants did not request that the court limit the class definition to carve out these individuals and they did not otherwise draw the court's attention to the release of claims upon which they now rely. The Bank Defendants, in fact, while stating that "the absence of the California HMCs from the class list should come as no surprise at all" because Wells Fargo had "informed and discussed with Plaintiffs' counsel since early in this case that the California HMCs had previously settled and released . . . their claims," also indicate that Wells Fargo did not make it clear that it would not include the *Lofton* Class in the list until March 2013. Dkt. 131. If the Bank Defendants believed the *Lofton* Class should be excluded from the putative class here, which was defined in August 2012, they should not have waited until March 2013 to so advise Plaintiffs and this court. This issue should have been briefed at the conditional certification stage.

The Magistrate Judge noted that the court *could* ignore, for now, the Bank Defendants' non-disclosure of the California state court action and just address the issue at the decertification stage.

3

Dkt. 149. The Magistrate Judge determined, however, that it was not "in the best interests of judicial economy to put off for another day whether the *Lofton* claims should have been included in this action." *Id.*

While it is in its power to defer ruling on this issue until the decertification stage, the court agrees with the Magistrate Judge that interests of judicial economy dictate that the court resolve the issue now. Plaintiffs assert in their objections that whether the *Lofton* Class settlement precludes recovery in this action is a merits-based defense and that the court has already ruled that it will not rule on merits-based defenses at the conditional certification stage. Dkt. 159. However, the court was referring to merits-based defenses relating to FLSA overtime exemptions. *See* Dkt 81. The court specifically stated that "several cases in the Southern District of Texas . . . have determined that exemptions are merit-based and not relevant at the notice stage," and that the court was following those cases. *Id.* Regardless, the court is not inclined to rule at this point on whether Defendants have successfully proven their defense. Rather, the court is concerned that the new information about the California court-approved settlement and release of claims may indicate that the *Lofton* Class is not similarly situated to the other plaintiffs in the putative class.[2] The court thus believes it appropriate to reconsider its original determination with regard to the conditional certification order, but only with regard to potentially carving out the *Lofton* Class.

---

[2] Even at the conditional certification stage, the plaintiff must make a minimal showing that there is a reasonable basis for crediting the assertion that aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and *defenses* asserted. *Maynor v. Dow Chem. Co.*, No. G-07-0504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008). While the court initially believed that this showing had been made, this new defense being asserted by the Bank Defendants with regard to the *Lofton* Class calls the court's original determination into question.

4

## II. CONCLUSION

The Magistrate Judge's M&R is hereby ADOPTED in full. The court will RECONSIDER its order conditionally certifying the putative class to determine whether it should carve out the *Lofton* Class. Plaintiffs, who bear the burden of showing that the *Lofton* Class is similarly situated to the other potential collective action members, shall provide briefing justifying the inclusion of the *Lofton* Class within fourteen days of the date of this order. The Bank Defendants shall provide responsive briefing within twenty-eight days of the date of this order. The briefing shall not exceed ten pages and shall be confined to the issue at hand.

It is so ORDERED.

Signed at Houston, Texas on August 1, 2013.

_____
Gray H. Miller
United States District Judge