IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |   |
|---|---|---|
| IN RE: WELLS FARGO WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION (NO. III) | § § § § | MULTI-DISTRICT LITIGATION CASE NO. 4:11-md-2266 |

## PLAINTIFFS' RESPONSE TO MOTION FOR RECONSIDERATION AND CLARIFICATION

Plaintiffs, for themselves and all others similarly situated, respectfully respond to the Motion for Reconsideration (Dkt. #218) and Objection to Motion for Leave to File (Dkt. #217).

Through Lead Counsel, Plaintiffs have filed a supplemental complaint in this matter supplementing the previously made Washington state-law claims to add state-law wage and hour claims on behalf of over 200 home mortgage consultants from Washington who have opted into this MDL proceeding as FSLA plaintiffs. Adding the supplemental allegations was to preserve these plaintiffs' rights for later adjudication. Lead Counsel had the authority—indeed, duty—to takes these steps to protect Plaintiffs, pursuant to this Court's orders. And it was well within the Court's power to allow the supplement to the complaint. There is no cause to revisit the Court's orders about how this case is to be managed, and no reason that counsel for Plaintiffs cannot continue to work together for the efficient adjudication of all Plaintiffs' rights.

### Background and Procedural History

On December 10, 2010, the *Richardson* plaintiffs filed a collective action against Wells Fargo Bank and related entities under the FSLA in this District, on behalf of similarly situated home mortgage consultants nationwide, which was assigned to Judge Rosenthal. On February 3, 2011, the *Chaplin* plaintiffs filed a similar case against Wachovia Mortgage Corp. and related

entities under the FLSA on behalf themselves and similarly situated home mortgage consultants nationwide, which was assigned to this Court

Later, the *Chan* action was brought by two plaintiffs as a class action under Washington state law against Wells Fargo in Washington state court on April 12, 2011. *Chan* was removed to the Western District of Washington on May 24, 2011. These plaintiffs purported to bring their claims on behalf of a putative class of home mortgage consultants who were not paid overtime wages in violation of Washington state law. The *Gonzalez* case was filed by ten New Jersey plaintiffs on April 14, 2011, asserting a New Jersey-wide FLSA action and Rule 23 class action.

Shortly after *Chan* and *Gonzalez* were filed, on May 25, 2011, the Banks filed a Motion to Transfer for Coordinated Pretrial Proceedings before the MDL Panel, pursuant to 28 U.S.C. § 1407(a). They petitioned the Panel to consolidate all four matters for pretrial purposes in this District. The Panel ordered that the *Gonzalez* and *Chan* cases be transferred here and assigned to this Court, along with the *Richardson* and *Chaplin* cases, "for coordinated or consolidated pretrial proceedings." Dkt. #1 at 2. Two tag-along actions, the *Hoffman* case (Illinois) and the *DeLeon* case (New York) were also consolidated into the MDL. After transfer, this Court made clear that "documents filed under the MDL case number while the individual cases were administratively closed will be added to the dockets of the individual cases." Dkt. #22.

After having opposed consolidation for pretrial proceedings before the Panel to no avail, the Washington-*Chan* plaintiffs and the New Jersey-*Gonzalez* plaintiffs jointly requested the Court to consolidate all four cases for all purposes—not just pretrial proceedings—with the *Gonzalez* counsel named lead counsel over all cases for all purposes. Dkt. ##6, 28. Counsel for *Richardson* and *Chaplin* opposed the motion and cross-moved for appointment as lead counsel for the MDL. Dkt. #29. The Court denied the *Chan/Gonzalez* motions and granted the

*Richardson/Chaplin* motion, appointing "the Richardson/Chaplin Team as lead counsel." Dkt. #37. The Court also entered an Initial Case Management Order, which reiterated that Rhonda Wills and Paul Yetter are designated as "to act on behalf of all Plaintiffs nationwide as Lead Counsel" in the MDL, with certain responsibilities and duties. Dkt. #45.

The Court has since entered a scheduling order that set a deadline for November 1, 2013 for new parties and pleading amendments. Dkt. #107. Lead Counsel filed a number of Supplemental Complaints, supplementing (among other actions) the *Chan* Complaint to assert Washington state-law claims on behalf of 238 opt-in plaintiffs who worked in Washington. Dkt. #214. The Objection and Motion for Reconsideration challenge the filing and Court's acceptance of this Supplemental Complaint.

## Argument and Authorities

**I.    Lead Counsel Acted Within Their Authority In Amending The Complaint, As Did This Court In Permitting The Amendment.**

All Lead Counsel have done is to assert allegations and claims on behalf of Washington HMCs who have opted in as FSLA parties to this action and to name new defendant entities, which were already defendants in *Richardson* or *Chaplin*. The only effect of amending the *Chan* complaint to assert those allegations and add those defendants is to preserve those parties' rights. And all the Court has done by allowing the amendment is to exercise its inherent power and discretion to manage this action at this stage of the proceedings. Those actions by counsel and the Court are authorized, appropriate, and important to the efficient management of this case in a way consistent with preserving these Plaintiffs' rights.

The MDL process is intended to "promote the just and efficient conduct" of "civil actions involving one or more common questions of fact [that] are pending in different districts," by permitting their transfer to one district for "coordinated or consolidated pretrial proceedings." 28

U.S.C. § 1407(a). The steps taken by Lead Counsel and this Court further those goals. Often "the court will need to institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients with respect to specified aspects of the litigation." MANUAL FOR COMPLEX LITIGATION (FOURTH) §10.22, *available at* 2004 WL 258586, *1. Similarly, the MDL "Panel has recognized the benefits of use of lead and liaison counsel" and "has reiterated that the use of counsel in those roles would result in benefits of case management similar to those intended to be fostered by 28 U.S.C.A. § 1407." MULTIDISTRICT LITIGATION MANUAL §9:15; *see also, e.g.*, *In re Delphi Corp. Secs., Derivative & "ERISA" Litig.*, 458 F. Sup. 2d 455, 460 (E.D. Mich. 2006) (noting a transferee court's authority to appoint lead counsel). This Court has followed those guidelines, and the Lead Counsel the Court has appointed are simply fulfilling the duties the Court has entrusted to them.

In particular, in its Initial Case Management Order, the Court directed Lead Counsel to "[d]etermine and present the position of Plaintiffs on all matters arising during pretrial proceedings" and "[c]oordinate and file all pleadings, notices, pretrial motions and other documents on behalf of Plaintiffs." (Dkt. #45 at 1-2) And the Scheduling Order directs that amendments to pleadings should be made and new parties joined by November 1, 2013. (Dkt. #107) Lead Counsel's filing of the supplemental complaint complied with those orders.

The Court was well within its power to permit the amendments to the pleadings. A transferee court's "power includes amendment of a complaint to add parties or claims" under Fed. R. Civ. P. 15. *In re Asbestos Litig.*, 963 F. Supp. 247, 251 (S.D.N.Y. 1997); *see also In re Korean Air Lines Co., Ltd.*, 642 F.3d at 700.[1] Courts "regularly allow parties to add . . . parties

---

[1]  *Accord, e.g.*, *Khulumani v. Barclay Nat'l Bank Ltd.*, 504 F.3d 254, 260 (2d Cir. 2007); 15 C.A. WRIGHT, A.R. MILLER & E.H. COOPER, FEDERAL PRACTICE & PROCEDURE §3866 (3d ed. 2010); MANUAL FOR COMPLEX LITIGATION §21.26 (4th ed. 2004).

by amending a complaint under Rule 15." *In re Genetically Modified Rice Litig.*, 2010 WL 3522301, *1 (E.D. Mi. 2010) (permitting MDL plaintiffs to amend complaints to add several hundred new plaintiffs). The opt-in Washington plaintiffs could have been added here by filing a new case in federal court in Washington, and having that case consolidated into this MDL as the Panel has done with the tag-along *Hoffman* (Illinois) and *Deleon* (New York) cases. The result would be the same, but the process would be wasteful: Plaintiffs would have incurred the cost of filing fees and service of process on the Banks, as well as the time delays associated with obtaining service of process. Lead Counsel have instead—as they are charged with doing—taken the most efficient route for the litigants and the Court.

The opt-in Washington plaintiffs, who *already* were parties in the MDL and who will be joined in the *Chan* action upon remand, likewise *already* are members of the putative class in that action. And the Objection acknowledges that the Supplemental Complaint works no major change to the substance of the *Chan* action, as it "asserts all the same causes of action which were already included in the Chan complaint with the exception of the spoliation of evidence claim." Obj. at 3. The spoliation claim—which must be asserted on these HMCs' behalf, lest it be lost—could not have been included in the original *Chan* complaint, as it only came to light during FLSA discovery, as the Objection also notes. *See id.*

In discharging their responsibilities, Lead Counsel have been faithful to the directions of this Court, as well as its representations made to the MDL Panel in July 2012. At that time, Lead Counsel represented no Washington plaintiffs and thus owed no duties to assert state law claims on their behalf. That situation changed during the notice period here, when 238 Washington class members exercised their opt-in right and retained Lead Counsel to prosecute their claims.

Lead Counsel could not sacrifice its responsibilities to these 238 individuals in deference to the *Chan* case, which is composed of two plaintiffs.

The Objection is wrong in asserting that the amended pleading expands the Court's jurisdiction, and other courts have rejected similar arguments. *In re Webkinz Antitrust Litig.*, 2009 WL 3634162 (N.D. Cal. 2009), for example, in granting the MDL plaintiffs leave to amend their pleading under Rule 15 to add parties and state-law claims, rejected the defense argument that leave should be denied "because the state consumer protection claims were never presented to the JPML and . . . these claims would not meet the standard for transfer or centralization." *Id*. at *2. As that court explained, "at this juncture, the MDL Plaintiffs are not required to meet that standard to add the new parties or claims." *Id.* (cites omitted). Likewise, as the transferee court, this Court can permit the amendment, because its "jurisdiction and powers . . . are coextensive with that of the transferor court." *Id.* (quote omitted).

The Objection's reliance on *In re Packaged Ice Antitrust Litig.*, 2011 WL 6178891 (E.D. Mich. 2011), is misplaced. In that case, the MDL plaintiffs tried to add plaintiffs and state-law claims from jurisdictions in which *no* transferred case had been filed. The MDL action could not assimilate those claims because there would be no "home" to send them on remand. *Id.* at *8. The second case relied upon in the Objection is distinguishable for the same reason. *See Ins. Exchange Claims Reps.' Overtime Pay Litig.*, 2011 WL 6178891 (E.D. Mich. 2011) (rejecting addition of state law claims for four jurisdictions with no transferor court for remand). That is not the situation here. The *Chan* action is the correct action in which these *existing* plaintiffs' claims should be asserted, and the Washington court will be their home after remand.

In short, the Objection's concerns about the effects of the amendments to the *Chan* action are misplaced and, regrettably, far overblown.

## II.     The Case Management Plan Needs No Clarification.

Lead Counsel is duty-bound to vigorously prosecute all plaintiffs' claims. *See, e.g.*, 1 NEWBERG ON CLASS ACTIONS §3.42 at 3-220 ("In the absence of a showing to the contrary the court may generally presume that prosecution of the action will be vigorous."). Lead Counsel is charged too, as it is here, with the "continued efficient management" of the proceeding. Dkt. #45. This is not an easy task. Lead Counsel must balance competing objectives of aggressive prosecution with efficiency. To carry out this task, this Court vested Lead Counsel with several duties, including to monitor activities of co-counsel to ensure that "the unnecessary expenditures of time and funds are avoided" and to "distribute work assignments to co-counsel." *Id.* at 2. *Chan* counsel seeks to undermine that framework, without justification as a matter of law or any factual showing of injury to their interests. Indeed, the complaints of *Chan* counsel about their role in these proceedings and information provided to them could—and should have been—resolved without the need of court involvement. The complaints in any event are without merit.

### A.     *Chan* Counsel's Role in Washington State Proceedings

The concerns raised by *Chan* counsel as to their role in these proceedings are misplaced and premature. As is the case with the other state-law claims in this MDL proceeding (i.e., *Gonzalez*, *Hoffman*, and *DeLeon*), Lead Counsel intends to utilize the services of *Chan* counsel to advance the state-law claims of Washington state plaintiffs, to the extent that is efficient and cost-effective, as determined in the discretion of Lead Counsel. Lead Counsel foresee at least three circumstances in which the services of *Chan* counsel could benefit Washington plaintiffs.

First, if discovery proceeds in Washington, Lead Counsel anticipate that *Chan* counsel would participate in depositions or other discovery projects, subject to satisfactory arrangements as to staffing and costs. Utilizing the services of *Chan* counsel in this manner not only fulfills

the mandate for the efficient management of this case, but also leverages experience of the *Chan* lawyers with Washington procedural and substantive law.

Second, if the case proceeds through discovery and is remanded to Washington for trial, Lead Counsel would evaluate whether the interests of the Washington state class would best be served by involving *Chan* counsel in trial proceedings in the Washington court. Indeed, subject to being cost-effective, *Chan* counsel would likely be the logical choice for such a role. As to the determination of lead counsel for purposes of the Washington action, however, resolution of that issue is entirely premature at this stage and, of course, would occur only after full briefing, either before this Court or the transferor court.

Third, in the event of settlement, Lead Counsel expects that *Chan* counsel could provide assistance concerning Washington law in obtaining approval with regard to Rule 23 settlement issues. This involvement would be subject to direction of Lead Counsel, who pursuant to the terms of their appointment, have exclusive responsibility for handling all aspects of settlement discussions and settlement approval. Dkt. #45 at 2. As with discovery occurring in Washington, such potential involvement by *Chan* counsel could be both cost-effective and capitalize on familiarity of *Chan* counsel with Washington law.

In the end, determinations of case responsibilities are best left to be made at the time needed, in light of the circumstances then at hand, and in the sound judgment of Lead Counsel. After careful consideration, the Court vested this authority in Lead Counsel, having resolved competing motions on this issue, and no good grounds exist for revisiting that decision. Indeed, to compromise Lead Counsel's authority at this juncture would undermine the efficient and cost-effective prosecution of this proceeding, to the detriment of all Plaintiffs.

### B. Information Provided To *Chan* Counsel Has Been Adequate.

*Chan* counsel has continually received all information relevant to state-law claims by Washington plaintiffs, and *Chan* counsel has never alleged otherwise. For example, Lead Counsel told them on November 20, 2013 (the day before they filed the *Chan* objection) that Plaintiffs' initial discovery focused on company-wide policies and practices and would *later* turn to issues with a more narrow focus, including state-law claims. *See* Exhibit 1. To the extent that *Chan* counsel's true objective is discovery related to state-law claims, the fact that Lead Counsel cannot share what it does not possess should be a dispositive response to that complaint.

To be sure, *Chan* counsel demand more communication. Yet "too much communication may defeat the objectives of efficiency and economy," and "[lead] counsel must use their judgment about limits" on communications with other counsel. MANUAL FOR COMPLEX LITIGATION (4TH) §10.22. Here, Lead Counsel have used their judgment to limit excessive communications, like correspondence, discovery, or documents from defense counsel. Obj. at 7. In Lead Counsel's judgment, distribution of these materials on a wide-scale basis to all counsel is inefficient and results in unnecessary fees. And as noted, in the judgment of Lead Counsel, none of the materials provided by the Banks to date relate to Washington state-law claims.

Requiring court involvement in this sort of routine administrative matter is an inefficient use of valuable judicial resources. To prevent future misunderstandings, Lead Counsel will designate a member of its team to be responsible for providing responses to inquiries from the state-law counsel, taking into account the nature of the inquiry and the status of the case. We believe these measures will be sufficient to resolve the concerns raised by *Chan* counsel.

**Conclusion**

For these reasons, the Motion for Reconsideration should be denied and the Objection in all respects overruled.

Respectfully submitted,

/s/ Rhonda H. Wills
**Rhonda H. Wills (Lead Counsel)**
State Bar No. 00791943
WILLS LAW FIRM, PLLC
1776 Yorktown, Suite 570
Houston, Texas  77056
Telephone:  (713) 528-4455
Facsimile:  (713) 528-2047

/s/ R. Paul Yetter
**R. Paul Yetter (Lead Counsel)**
State Bar No. 22154200
**Reagan W. Simpson**
State Bar No. 18404700
YETTER COLEMAN LLP
909 Fannin, Suite 3600
Houston, Texas 77010
Telephone:  (713) 632-8000
Facsimile:  (713) 632-8002

**Diana E. Marshall**
State Bar No. 13025500
MARSHALL & LEWIS LLP
1010 Lamar Street, Suite 450
Houston, Texas 77002
Telephone: (713) 655-0300
Facsimile: (7l3) 655-0130

**John M. Padilla**
State Bar No. 00791395
PADILLA, RODRIGUEZ & DE LA GARZA, L.L.P.
1776 Yorktown Street, Suite 110
Houston, Texas 77056
Telephone: (713) 574-4600
Facsimile: (713) 574-4601

**ATTORNEYS FOR PLAINTIFFS & PUTATIVE  CLASSES**

**Certificate of Service**

    I certify that this pleading has been electronically filed with the Clerk via the CM/ECF system, which serves notice to all counsel of record, on this 13${}^{\text{th}}$ day of December, 2013.

                                        /s/ Autry W. Ross
                                        Autry W. Ross