UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: WELLS FARGO WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION (NO. III) | § § § | MULTI-DISTRICT LITIGATION CASE NO. H-11-2266 |

## ORDER

This is a Fair Labor Standards Act ("FLSA") collective action. The majority of the plaintiffs have settled their claims. The remaining plaintiffs consist of 1,516 individuals who work or worked for Wells Fargo in California and were previously part of a class action settlement in the case *Lofton v. Wells Fargo Home Mortgage*, No. CGC-11-509502 (S.F. Super. Ct.). *Lofton* was a class action filed on behalf of Wells Fargo Home Mortgage Consultants ("HMCs") who, according to the plaintiffs, were improperly classified as exempt and consequently did not receive overtime compensation for overtime worked. Dkt. 258, Ex. 1, Ex. A. The San Francisco Superior Court approved a settlement of the *Lofton* claim after a court-approved notice, claim form, and exclusion form were mailed to each HMC and after conducting a hearing as to whether the settlement should be granted. Dkt. 258, Ex. 1. The court-approved settlement included a release of state and federal wage-and-hour claims. Dkt. 255, Ex. 1 ¶ 43. The released claims included claims "under any and all applicable California or federal laws, statutes, regulations, and Wage Orders including any existing under the Fair Labor Standards Act of 1938, as amended, and California political subdivisions and municipalities." *Id.*

Of the 1,516 plaintiffs in this case, 1,283 filed proofs of claim in the *Lofton* case, and 233 failed to file proof of claim, thus receiving no compensation from the settlement. Dkt. 258, 259. None of them opted out of the *Lofton* case. The *Lofton* settlement was not appealed, and the payments required by the settlement have been made. Dkt. 255, Porter Dec. ¶ 4. The trial court,

however, "retained jurisdiction over the implementation and enforcement of the settlement agreement of the settlement agreement." . *Lofton v. Wells Fargo Home Mortg.*, 179 Cal. Rptr. 3d 254, 261 (Cal. Ct. App. 2014).

After the order approving the settlement had become final, an individual named David Maxon moved to intervene in the *Lofton* lawsuit. Dkt. 255, Porter Dec. ¶ 7. Maxon was a client of Initiative Legal Group ("ILG"), which was pursuing claims on behalf of more than 600 California HMCs in thirteen different cases. Dkt. 258. ILG and counsel in the *Lofton* case mediated the *Lofton* settlement together. *Lofton*, 179 Cal. Rptr. 3d at 259. They agreed on a common fund to resolve the class action and a separate common fund to resolve the individual actions filed on behalf of ILG's clients. *Id.* The *Lofton* court was told that ILG's clients would opt out of the class action settlement. *Id.* However, ILG's clients participated in the class action settlement. *Id.* ILG claims the separate fund was for attorney fees. *Id.* After ILG's clients objected, ILG agreed to provide slightly more than $1 million to them, keeping the rest as fees. *Id.* Maxon apparently did not find this satisfactory, and he filed a class action lawsuit against ILG for breach of fiduciary duty, among other things. *Lofton*, 179 Cal. Rptr. 3d at 262.

Maxon also intervened in the *Lofton* case and moved for a temporary restraining order. *Id.* Maxon requested that the court review the payment by Wells Fargo to ILG attorneys in connection with their work on behalf of a subset of the class. *Id.* The trial court judge, after noting he "was 'very, very troubled' by the situation" and that he believed he was "obligated to completely take another look at this settlement," issued a temporary restraining order that required ILG to deposit the funds in an escrow account. *Id.* at 263. The judge specifically stated, "'I believe that there is good cause to think that the entire class, not just the ILG clients, have been badly disserved.'" *Id.* ILG

argued that the *Lofton* court lacked jurisdiction to issue the temporary restraining order and appealed the ruling. *Id.*

The appellate court held that "the trial court presiding over the class action properly enjoined ILG from distributing or taking action to distribute the proceeds of its settlement to itself [and] had concurrent *exclusive* jurisdiction to consider the propriety of the settlement of class member claims, even for those class members represented by ILG on class or related claims." *Id.* (emphasis added). The appellate court also found that the "trial court had a duty to ensure the fees claimed by ILG were reasonable in light of the overall result ILG achieved." *Id.* The court noted that "despite entry of judgment, the *Lofton* settlement was incomplete in two critical respects": (1) the trial court had been misinformed that 600 ILG clients were opting out of the settlement, and their failure to opt out diluted the anticipated recovery of other class members; and (2) the trial court never considered the reasonableness of the separate $6 million settlement fund being used as attorneys' fees for ILG. *Id.* at 265–66. The appellate court held that "limited proceedings designed to resolve these outstanding issues with respect to the *Lofton* settlement fall within the scope of the court's continuing jurisdiction under section 664.5, section 128 and the court's equitable authority to ensure the fair and orderly administration of justice and protect the integrity of its judgment in the class action." *Id.* at 267.

Defendants move for summary judgment in this case, arguing that the final judgment approving the settlement, which included a release of all FLSA claims, precludes the plaintiffs in this case, who were members of the *Lofton* class, from pursuing their FLSA claim here. Dkt. 255. The plaintiffs argue, among other things, that due to the issues with ILG as well as other alleged substantive and procedural deficiencies related to the *Lofton* settlement, the court "should not accord preclusive effect to the *Lofton* release." Dkt. 258. Defendants contend that the ILG issues and decision of the California appellate court are "irrelevant to the determination of Defendants' pending

3

motion for summary judgment because (a) Plaintiffs' argument related to the Maxon/ILG dispute is an improper collateral attack on the final judgment in *Lofton*, and (b) the Maxon/ILG dispute has no impact on the finality of that judgment." Dkt. 261. Defendants offer to "provide a short brief analyzing why the . . . decision has no impact in this proceeding, if the Court would find that of assistance." *Id.* The court is concerned about whether the now open issues in the *Lofton* case impact the *res judicata* effect of the case, and it believes additional briefing discussing this specific issue would be useful. Accordingly, Defendants are ORDERED to provide a brief explaining why, despite the fact that the California trial court is in the midst of reconsidering the propriety of the entire settlement given the alleged misrepresentations related to the separate $6 million settlement, this court should treat the judgment as final for *res judicata* purposes. This brief shall not exceed ten (10) pages, and is due on or before January 13, 2015. Plaintiffs may file a response, not to exceed ten (10) pages, on or before January 27, 2015. No replies will be accepted.

    Signed at Houston, Texas on December 23, 2014.

                                                               Gray H. Miller
                                          United States District Judge