# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE: WELLS FARGO WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION (NO. III) | § § § § | MULTI-DISTRICT LITIGATION CASE NO. 4:11-MD-2266 |

## DEFENDANTS' SECOND SUPPLEMENTAL SUBMISSION REGARDING THEIR MOTION FOR SUMMARY JUDGMENT DISMISSING CLAIMS OF *LOFTON* CLASS MEMBERS

Respectfully submitted,

*/s/ David B. Jordan*
David B. Jordan
State Bar No. 24032601
Federal ID No. 40416
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
djordan@littler.com

**ATTORNEY FOR DEFENDANTS WELLS FARGO BANK, N.A. AND WACHOVIA MORTGAGE CORPORATION**

**TABLE OF CONTENTS**

Page

I. PROCEDURAL BACKGROUND ................................................................................... 1

II. AUTHORITY AND ARGUMENT ................................................................................. 2

    A. Introduction ........................................................................................................... 2

    B. The Release of Claims Embodied in the *Lofton* Judgment Became Final for *Res Judicata* Purposes Upon the Expiration of the Time to Appeal ................ 3

    C. The Release of Claims Embodied in the *Lofton* Final Judgment is Not Subject to Being Reversed ..................................................................................... 3

        1. The Time for Any Party to Attack the *Lofton* Release Has Expired ......... 3

        2. The *Lofton* Court Has Authority to Reallocate ILG Settlement Funds from ILG, But Does Not Have Authority to Invalidate the Release of Claims in the *Lofton* Judgment ................................................ 5

    D. In All Events, the Release of Claims Embodied in the Final *Lofton* Judgment Retains its *Res Judicata* Effect Unless and Until It Is Actually Modified ................................................................................................................ 8

III. CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bank of America v. Jennett*,
    77 Cal. App. 4th 104 (1999) ...................................................................................................3

*Beresh v. Sovereign Life Ins. Co.*,
    92 Cal. App. 3d 547 (1979) ....................................................................................................8

*Caminetti v. Guaranty Union Life Insurance Co.*,
    22 Cal. 2d 759 (1943) .............................................................................................................3

*Carney v. Simmonds*,
    49 Cal. 2d 84 (1957) ...............................................................................................................4

*County of Inyo v. City of Los Angeles*,
    160 Cal. App. 3d 1178 (1984) .............................................................................................4, 6

*Greene v. Superior Court*,
    55 Cal. 2d 403 (1961) .............................................................................................................3

*Kay v. Lucky's Two Way Radio*,
    504 F.3d 803 (9th Cir. 2007) ..................................................................................................3

*Lofton v. Wells Fargo Home Mortgage,*
    230 Cal. App. 4th 1050 (2014) ........................................................................................ passim

*Pico v. Cohn*,
    91 Cal. 129 (1891) ..............................................................................................................3, 8

*Ramon v. Aerospace Corp.*,
    50 Cal. App. 4th 1233 (1996) .................................................................................................6

**STATUTES**

Cal. Code of Civ. Proc. § 128 ...................................................................................................5, 7

Cal. Code of Civ. Proc. § 473(b) ............................................................................................3, 4, 5

Cal. Code of Civ. Proc. § 659 ....................................................................................................3, 4

Cal. Code of Civ. Proc. § 663 ....................................................................................................3, 5

Cal. Code of Civ. Proc. § 663a ......................................................................................................4

Cal. Code of Civ. Proc. § 664.6 ..............................................................................................5, 6, 7

Fair Labor Standards Act (FLSA) ..................................................................................................9

## TABLE OF AUTHORIITES
## (CONT'D)

**Page(s)**

**OTHER AUTHORITIES**

7 Witkin, Cal. Procedure (5th ed. 2008), Judgments, §7(4) ...........................................................9

8 Witkin, Cal. Procedure (5th ed. 2008), Attack on Judgment in Trial Court, § 1(2) ......................4

8 Witkin, Cal. Procedure (5th ed. 2008), Attack on Judgment in Trial Court, § 241 ......................8

Cal. Rule of Court 3.769(h) ................................................................................................5, 6, 7

Cal. Rule of Court 8.104(a)..........................................................................................................1

Restatement Second of Judgments, § 13......................................................................................9

## I.  PROCEDURAL BACKGROUND

Defendants' pending Motion for Summary Judgment (ECF #255) is based on the *res judicata* effect of the July 27, 2011 judgment approving the class action settlement in *Lofton v. Wells Fargo Home Mortgage*, Superior Court of California for San Francisco County, Case No. CGC-11-509501 ("*Lofton*").  That judgment became final when the time to appeal expired with no appeal having been filed.  Porter Dec. (ECF # 255-1), ¶ 4 (no appeal was filed).  This finality occurred, at the latest, on January 23, 2012, 180 days after entry of the judgment.  Cal. Rule of Court 8.104(a).  All payments required by the settlement have been made.  Porter Dec., *id*.

On September 6, 2012, after the *Lofton* judgment had become final, David Maxon sought to intervene in *Lofton* "in order to give the court an opportunity to review the subsequent payment of an *additional* $5.5 million in attorneys' fees" to ILG, another group of attorneys, in connection with a different settlement between Wells Fargo and a subset of about 600 members of the certified *Lofton* class.  *Lofton v. Wells Fargo Home Mortgage,* 230 Cal. App. 4th 1050, 1059 (2014) (emphasis in original).  **Maxon specified that his intervention would have "no bearing on the judgment that has been entered in this case or the *Lofton* settlement, or delay the implementation of the settlement, which has already been distributed."**  (ECF #256-6, at ECF p. 19, lns. 13-15).  The *Lofton* court granted Maxon intervention and issued a TRO requiring ILG to deposit the contested settlement funds into trust.  *Lofton*, 230 Cal. App. 4th at 1060.

ILG appealed the TRO, contending that the *Lofton* court's reserved jurisdiction over the *Lofton* settlement did not extend to proceedings against ILG and did not permit issuance of the TRO.  On October 22, 2014, the California Court of Appeal affirmed the TRO against ILG.  *Lofton v. Wells Fargo Home Mortgage,* 230 Cal. App. 4th 1050 (2014).  Defendants advised this

1

Court of that decision two days later. (ECF #261). On December 23, 2014, this Court ordered Defendants to address whether the *res judicata* effect of the *Lofton* judgment is affected by the proceedings that have resulted from Maxon's intervention in *Lofton*. (ECF #262). Defendants file this brief in response to that Order.

## II.  AUTHORITY AND ARGUMENT

### A.  Introduction

At the *ex parte* proceeding in *Lofton* related to Maxon's application to intervene, the *Lofton* trial judge made the following oral comments:

> I believe that I am obligated to completely take another look at this settlement. . . . The motion to intervene [by Maxon], though, seeks to intervene to represent just the interests of the ILG clients. And that may be appropriate but I am taking a look at the entire settlement. I believe that there is good cause to think that the entire class, not just the ILG clients, have been badly disserved.

*Lofton*, 230 Cal. App. 4th at 1059-60. Referring to these comments, this Court has asked Defendants to address whether the *Lofton* judgment remains final for *res judicata* purposes despite "the fact that the California trial court is in the midst of reconsidering the propriety of the entire settlement given the alleged misrepresentations related to the separate $6 million settlement." (ECF #262, p. 4).

As we explain below, the release of claims embodied in the *Lofton* judgment remains final for *res judicata* purposes. This is so because the review the *Lofton* court is undertaking in response to Maxon's intervention is to determine whether settlement funds that ILG retained from the ILG settlement should instead be distributed to ILG's former clients (or theoretically to all *Lofton* class members, i.e., "taking a look at the entire settlement").[1] This review *cannot* affect the release of claims embodied in the *Lofton* judgment. This is so because (a) the time for

---

[1] Intervenor Maxon has sought distributions only to ILG's former clients. No party has sought relief impacting any other members of the *Lofton* class.

2

any party to attack the *Lofton* judgment has expired, and (b) the jurisdiction the *Lofton* court retained over the settlement does not authorize a reconsideration of the final *Lofton* judgment. Moreover, even if the *Lofton* judgment was subject to reconsideration or review (which it is not), a proceeding seeking to modify a final judgment does not affect the judgment's *res judicata* effect unless and until the judgment is actually modified.

### B. The Release of Claims Embodied in the *Lofton* Judgment Became Final for *Res Judicata* Purposes Upon the Expiration of the Time to Appeal

Under California law, the *Lofton* judgment became final for *res judicata* purposes when the time to appeal expired. *Caminetti v. Guaranty Union Life Insurance Co.*, 22 Cal. 2d 759, 766 (1943); *Kay v. Lucky's Two Way Radio*, 504 F.3d 803, 808 (9th Cir. 2007) (California law).[2] As long as the court rendering the judgment had jurisdiction over the subject matter and the parties (issues not disputed here), the final judgment must be given *res judicata* effect "even as to matters of law or fact erroneously decided." *Bank of America v. Jennett*, 77 Cal. App. 4th 104, 118 (1999). "The reason of [sic] this rule is, that there must be an end of litigation . . . ." *Pico v. Cohn*, 91 Cal. 129, 133 (1891).

### C. The Release of Claims Embodied in the *Lofton* Final Judgment is Not Subject to Being Reversed

#### 1. The Time for Any Party to Attack the *Lofton* Release Has Expired

Aside from an appeal (which was not taken here), California law permits only three methods for attacking a judgment: A motion for a new trial under California Code of Civil Procedure ("CCP") section 659, a motion to vacate the judgment under CCP section 663, and a motion for relief from judgment under CCP section 473(b). *Greene v. Superior Court*, 55 Cal. 2d 403, 405-406 (1961) ("A trial court can correct judicial error only on a motion for new trial

---

[2] Full Faith and Credit requires that this federal court give the *Lofton* state court judgment the same preclusive effect it would be given in the California state courts. *See* Defendants' Motion for Summary Judgment (ECF #255), at ECF p. 18.

3

(*Carney v. Simmonds*, 49 Cal. 2d 84, 90-91[ (1957)]) or on a motion under section 663 of the Code of Civil Procedure to vacate the order or judgment and enter a different one."); 8 Witkin, Cal. Procedure (5th ed. 2008), Attack on Judgment in Trial Court, section 1(2) ("If a judgment, no matter how erroneous, is within the jurisdiction of the court, it can only be reviewed and corrected by one of the established methods of direct attack").

To date, no party in the *Lofton* case has sought to attack the release of claims embodied in the *Lofton* judgment. The only remaining proceedings in *Lofton* involve Maxon's intervention, and Maxon has specified that his intervention will have "no bearing on the judgment that has been entered in this case or the *Lofton* settlement, or delay the implementation of the settlement, which has already been distributed." (ECF #256-6, at ECF p. 19, lns. 13-15).

Moreover, the time for any party to attack the release in the *Lofton* judgment had expired before Maxon moved to intervene in *Lofton*. The *Lofton* judgment was entered on July 27, 2011. The time to move for a new trial, and the time to set aside and vacate the judgment, each expired, at the latest, on January 23, 2012, 180 days after entry of judgment. CCP section 659(a)(2) (new trial); CCP section 663a(a)(2) (vacate judgment). The time to move for relief from the judgment expired on January 27, 2012, six months after the judgment was entered. CCP section 473(b). Maxon did not move to intervene in *Lofton* until September 6, 2012, more than seven months after the last of these deadlines expired. These time limits are strictly applied, and are jurisdictional. *County of Inyo v. City of Los Angeles*, 160 Cal. App. 3d 1178, 1183-84 (1984).

The finality of the release in the *Lofton* judgment cannot be called into question without a timely motion attacking the judgment. This is so because each method for attacking a California judgment requires a motion by a party. *See* CCP section 659 (new trial requires a motion by a

party); CCP section 663 (vacation of judgment requires a motion by a party); CCP section 473(b) (relief from judgment requires an application by a party).

For these reasons, it is now impossible for any party to present a timely attack on the validity of the release in the *Lofton* judgment. As such, there is no outcome of Maxon's intervention in the *Lofton* case that could change the *res judicata* effect of the release.

### 2. The *Lofton* Court Has Authority to Reallocate ILG Settlement Funds from ILG, But Does Not Have Authority to Invalidate the Release of Claims in the *Lofton* Judgment

As the California Court of Appeal noted, in the judgment in *Lofton* the court retained "jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement in accordance with its terms, and over the administration and distribution of the Settlement Sum pursuant to California Rules of Court[, rule] 3.769(h) and California Code of Civil Procedure section 664.6." *Lofton*, 230 Cal. App. 4th at 1061. This retained jurisdiction to "enforce[] the Settlement according to its terms" included the power for the court to "protect[] its decision to approve the settlement and its fairness to class and counsel by exercising its equitable power to ensure that ILG did not unduly profit at the class members' expense." *Id*. at 1062. Because the Lofton settlement was "incomplete" with respect to the court's review of the ILG settlement and ILG's attorney fees, *id*. at 1063, the court's retention of jurisdiction authorizes the court to "review the supplemental fee agreement and to order the ILG attorneys to disgorge some or all of the fees already received," *id.* at 1064. This jurisdiction, however, is "undoubtedly limited." *Id*. at 1061. It permits only "limited proceedings" to resolve the outstanding issues in *Lofton* "within the court's continuing jurisdiction under section 664.6 and section 128 and the court's equitable authority to ensure the fair and orderly administration of justice and protect the integrity of its judgment in the class action." *Id*. at 1065.

5

This limited retained jurisdiction gives the *Lofton* court jurisdiction to review ILG's attorney fee award and, if appropriate, distribute to ILG's former clients any ILG settlement funds that the court does not award to ILG as fees. This is the relief Maxon seeks. It is also conceivable (but unlikely given the nature of the intervention) that the court might order funds distributed to all *Lofton* class members, consistent with the court's comments about "looking at the entire settlement." In all events, however, the *Lofton* court does *not* have authority to modify or reverse the release of claims in the *Lofton* judgment. "A final judgment terminates the litigation between the parties and leaves nothing in the nature of judicial action to be done other than questions of enforcement or compliance. . . . After judgment a trial court cannot correct judicial error except in accordance with statutory proceedings." *Ramon v. Aerospace Corp.*, 50 Cal. App. 4th 1233, 1237-38 (1996). Once a judgment becomes final, the court's only continuing authority "has to do with enforcement of the outstanding judgment. We can order that which is consistent with the judgment. That obviously does not include any action which effectively sets it aside." *County of Inyo v. City of Los Angeles*, 160 Cal. App. 3d 1178, 1184 (1984).

Indeed, the express terms of the *Lofton* court's retention of continuing jurisdiction mandate that (a) the *Lofton* court must enforce the release terms of the settlement, and (b) the court's retention of jurisdiction has no effect on the finality of the release of claims. The retained jurisdiction provision of the judgment, quoted in part by the Court of Appeal, reads in full as follows:

> *Without affecting the finality of the Judgment*, the Court shall have continuing jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement *in accordance with its terms*, and over the administration and distribution of the Settlement Sum pursuant to California Rule of Court 3.769(h) and California Code of Civil Procedure section 664.6.

6

ECF #256-4, ECF p. 5 (paragraph 9 of the judgment) (emphasis added).  These limitations on the *Lofton* court's retained jurisdiction were mandated by CCP section 664.6, which authorized the retained jurisdiction.  That statute gives post-judgment authority to a court only to *enforce* an agreed settlement:

> If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties *to enforce the settlement* until performance in full of the terms of the settlement.

CCP section 664.6 (emphasis added).  The relevant California court rule includes the same limitation:

> If the court approves the [class action] settlement agreement after the final approval hearing, the court must make and enter judgment. The judgment must include a provision for the retention of the court's jurisdiction over the parties *to enforce the terms of the judgment*. The court may not enter an order dismissing the action at the same time as, or after, entry of judgment.

California Rules of Court 3.769(h) (emphasis added).[3]

Due to these limitations specified by statute and rule and specifically written into the terms of the judgment, and also because of the limited scope of relief that Maxon seeks, the *Lofton* court's further review of these issues will be limited to determining whether some or all of the disputed ILG settlement payment should go to ILG's clients, or theoretically to the *Lofton* class members generally, instead of being awarded as attorney fees to ILG.  That court's retained jurisdiction to *enforce* the class action settlement does not authorize the court to *invalidate* the release of claims at the core of that settlement.

---

[3] The California Court of Appeal relied on CCP section 128 as authority for the trial court's jurisdiction over ILG, a non-party.  Section 128 authorizes a court to control the conduct of all persons in any manner connected with a judicial proceeding before the court.  230 Cal. App. 4th at 1062.  That provision is not relevant here because both Wells Fargo and the class members were actual parties in the *Lofton* case.

7

The *Lofton* court's equitable authority likewise does not provide a basis for the court to invalidate the release of claims embodied in the *Lofton* judgment. Equitable relief from a judgment is available upon a showing of fraud occurring *outside* of the judicial proceeding ("extrinsic fraud"), but "[i]f the fraud is intrinsic (occurring in the course of an adversary hearing), equitable relief is unavailable." *Beresh v. Sovereign Life Ins. Co.*, 92 Cal. App. 3d 547, 552 (1979); *accord* 8 Witkin, Cal. Procedure (5th ed. 2008), Attack on Judgment in Trial Court, section 241(1). Allegations consisting of "deliberate, intentional misrepresentations, untruths, half truths, and deceitfully misleading affidavits, arguments and declarations" are "clearly what courts have consistently characterized as intrinsic fraud, not extrinsic." *Beresh*, 92 Cal. App. 3d at 553. Such claims may be addressed in a timely statutory proceeding for a new trial or to modify a judgment, but they are not within the equitable jurisdiction of the court. *Id*. "The reason of [sic] this rule is, that there must be an end of litigation; and when parties have once submitted a matter, or have had the opportunity of submitting it, for investigation and determination, and when they have exhausted every means for reviewing such determination in the same proceeding, it must be regarded as final and conclusive, unless it can be shown that the jurisdiction of the court has been imposed upon, or that the prevailing party, by some extrinsic or collateral fraud, has prevented a fair submission of the controversy." *Id*. (*quoting Pico v. Cohn*, 91 Cal. 129, 133-134 (1891)).

### D.    In All Events, the Release of Claims Embodied in the Final *Lofton* Judgment Retains its *Res Judicata* Effect Unless and Until It Is Actually Modified

Even if the release of claims in the *Lofton* judgment remained subject to attack (which it does not), a proceeding to modify a final judgment does not change the judgment's *res judicata* effect unless and until the judgment is actually modified. "A judgment may be final in the three senses already discussed, yet, under a statutory or judicially recognized power, the court may

8

modify its terms at a future date. However, unless and until the modification is sought and ordered, the judgment is as final as any other final judgment." 7 Witkin, Cal. Procedure (5th ed. 2008), Judgments, section 7(4). "A judgment otherwise final for purposes of the law of *res judicata* is not deprived of such finality by the fact that time still permits commencement of proceedings in the trial court to set aside the judgment or grant a new trial or the like; nor does the fact that a party has made such a motion render the judgment nonfinal. . . . The judgment ceases to be final if it is in fact set aside by the trial court, as it would be upon the granting of a motion for a new trial." Restatement Second of Judgments, section 13 comment f.

Thus, regardless of any hypothetical potential for the *Lofton* release to be reversed or modified (which again does *not* exist, as no proper judicial procedure exists any longer to permit any such reconsideration), the judgment and release is in any event currently final for *res judicata* purposes. Unless and until the *Lofton* release is, in fact, modified (a result which cannot properly occur), it will continue to bar the Lofton Plaintiffs from litigating the FLSA claims that they assert.

### III.  CONCLUSION

As required by Full Faith and Credit and the California law of *res judicata*, and in the interests of the finality of litigation and settlement, the Court should dismiss the Lofton Plaintiffs' claims.

Respectfully submitted,

*/s/ David B. Jordan*
David B. Jordan
State Bar No. 24032601
Federal ID No. 40416
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
djordan@littler.com

**ATTORNEY FOR DEFENDANTS WELLS FARGO BANK, N.A. AND WACHOVIA MORTGAGE CORPORATION**

## **CERTIFICATE OF SERVICE**

On January 13, 2015, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the CM/ECF system of the Court. I hereby certify that I have served all counsel electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ David B. Jordan*
David B. Jordan

Firmwide:131095890.5 051995.1045