UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: WELLS FARGO WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION (NO. III) | § § § | MULTI-DISTRICT LITIGATION CASE NO. H-11-2266 |

**ORDER STAYING CASE**

The court incorporates the background discussed in its December 23, 2014 order into this order. The court requested that the parties brief whether this court should treat the judgment in *Lofton* as final for *res judicata* purposes. Dkt. 262. The parties have submitted briefing in which they discuss the impact on this case of recent developments in *Lofton v. Wells Fargo Home Mortgage*, a California class action case involving Wells Fargo home mortgage consultants that settled in 2011. *See* Dkts. 263, 264. The *Lofton* trial judge, who approved the settlement and issued a final judgment in July 2011, recently stated: "I am taking a look at the entire settlement. I believe that there is good cause to think that the entire class . . . ha[s] been badly served." *Lofton*, 179 Cal Rptr. 254, 263 (Cal. App. 4th 2014). The trial judge had been alerted to a situation "fraught with the potential for conflicts of interest, fraud, collusion and unfairness," and issued a temporary restraining order requiring the Initiative Legal Group, APC ("ILG"), to deposit settlement proceeds it had received into a secure escrow account under court control and supervision. *Id.* at 259.

ILG appealed to the Court of Appeal, First District. It argued that the trial court did not have jurisdiction to issue the temporary restraining order because the only reservation of jurisdiction in the final judgment approving the settlement was jurisdiction over the enforcement of the terms of the settlement agreement. *Id.* at 264. The appellate court found that the trial court had retained jurisdiction pursuant to California Code of Civil Procedure section 664.6, and the scope of retained jurisdiction under that section "is broader than what typically remains following entry of a judgment." *Id.* Moreover, the appellate court noted that jurisdiction retained under section 664.6 includes equitable authority. *Id.* The appellate court ruled that the trial court had jurisdiction to

conduct limited proceedings to resolve outstanding issues with regard to the settlement within the scope of section 664.6, California Code of Civil Procedure section 128, and "the court's equitable authority to ensure the fair and orderly administration of justice and protect the integrity of its judgment in the class action." *Id.* at 267. A writ of review has been filed with the California Supreme Court. *See id.* (case history).

Here, the court is reluctant to rely on the finality of the judgment in the *Lofton* case as a basis to bar the claims of the California plaintiffs in this case.[1] This court, like the California court, has an equitable duty to protect the integrity of its judgments, and a judgment based on such an unstable foundation does not seem, in this court's view, a wise course. Accordingly, the court exercises its equitable power to manage its docket and hereby STAYS this case for six months. *See In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation . . . ."); *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) ("The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."). The court finds that six months is a reasonable period of time to let the events in California unfold without delaying this case indefinitely. The parties shall advise the court if, during this six-month period, any California courts issue orders relating to the finality of the *Lofton* case.

Signed at Houston, Texas on February 6, 2015.

Gray H. Miller
United States District Judge

---

[1] The court understands that the plaintiffs do not believe that *Lofton* should have a *res judicata* effect even if the court were to consider it final. However, the court finds the reasoning in *Lipnicki v. Meritage Homes Corp.*, No. 3:10-CV-605, 2014 WL 923524, at *13–14 (S.D. Tex. Feb. 13, 2014) (Costa, J.), convincing.